Commonwealth *v.* Chapman, Appellant.

Argued April 21, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

Before Trembath, J., specially presiding.

*Harold Gondelman,* with him *Louis Rosenfield,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

Opinion by Watkins, J., June 11, 1958:

These are appeals from the judgments of sentence imposed, by the Court of Quarter Sessions of Allegheny County, upon Marion C. Chapman, the appellant.

The appellant, a retired policeman of the City of Pittsburgh was charged in separate indictments for violating Par. 1, §493, of the Liquor Code, 47 PS §4-493, which makes it unlawful for ". . . any other person, to sell, furnish or give away any liquor or malt or brewed beverages . . . to any minor . . ."; for violating the Act of June 3, 1953, P. L. 277, §1, 18 PS §4532, which provides: "Whoever, being of the age of twenty-one years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of eighteen years . . . is guilty of a misdemeanor . . ."; and with the possession of obscene literature which was allegedly exhibited to a minor, contrary to the Act of June 24, 1939, P. L. 872, §524, 18 PS §4524. He was also charged, in two indictments, with sodomy. All five indictments were tried together before a jury. The jury found him not guilty as to the sodomy indictments and guilty as to the other three charges. Motions in

arrest of judgment and for a new trial were denied
and he was sentenced on February 14, 1958.

The question involved in these appeals is whether
there was sufficient evidence to sustain these convic-
tions.

Leslie Gibson, who at the time of the alleged of-
fenses, was 10 years of age, testified that some time
during the summer of 1955 the appellant, his neighbor,
invited the minor to his apartment to look at some
guns. Thereafter he visited the apartment of the ap-
pellant on numerous occasions where the circumstances
occurred that resulted in these prosecutions. He tes-
tified that the appellant showed him pictures and that
the pictures were of people in the nude. The appel-
lant showed him these pictures while the minor was
in the appellant's bedroom and had taken the pictures,
that he exhibited to the minor, from a drawer of the
desk in that bedroom. The pictures were taken from
the desk in the presence of the minor and exhibited to
him and he described them by saying, "there was a lady
in the nude and a man and that there were other ones
just like it."

Officers then testified, that, on this information,
they went to the bedroom of the appellant and took
from one of the drawers in the desk, described by the
minor, some 40 pictures which showed nude men and
women in various pornographic positions. The appel-
lant admits that these pictures were obscene but denies
possession of them and denies exhibiting them to the
minor. He testified that the desk from which they were
taken belonged to his son, that it was locked, and that
his wife had possession of the key. These pictures were
introduced into evidence and exhibited to the jury. The
child was not shown these pictures in court and was
not called upon to identify them. Judge ROBERT W.
TREMBATH, in his charge to the jury covered this ques-

tion quite carefully. ". . . it is the law that possession of obscene literature is not a crime. It is possession with intent to show . . . Now, who owned the pictures or who had the right to possession as between the defendant and his son makes no difference whatsoever. If the defendant took those pictures into his hands and gave them to the boy or gave any one of them to the boy, or pointed them out to the boy and said, 'Look at them', under any of those circumstances you should find the defendant guilty. If, however, the boy did not see the pictures here exhibited to you you would be justified in finding the defendant not guilty. Because while the boy said he saw pictures of nude men and women it does not follow that the pictures of nude men and women alone would be lewd or lascivious or obscene, because there are pictures of nude men and women that are pictures of art, true art, that would not be obscene or lewd or lascivious. You would have to find from the evidence that the defendant showed this boy these pictures or some of the self same pictures that were exhibited to you. And if you find that you may find the defendant guilty as charged . . . The Court repeats that if this boy did not see some of the selfsame pictures as exhibited to you you should acquit the defendant. You should acquit the defendant because as I have said possession of obscene pictures is not proscribed by the statutes. It is possession with intent to show or the actual showing, exhibiting, that is the crime."

We agree with the court below that if there were no other evidence linking the pictures in the desk and those exhibited to the child, the conviction could not stand, but the description of the pictures by the child; the description of the bedroom; the description of the desk from which the child testified the pictures were taken and shown to him; and the finding of the 40 pie-

tures that were introduced into evidence, although circumstantial, is credible and relevant evidence sufficient to support the conclusion that the pictures are those exhibited to the child and the trial judge in his charge carefully and specifically called this to the attention of the jury. "The crime charged may be wholly sustained by circumstantial evidence where the circumstances proved are such as reasonably and naturally justify an inference of guilt and are of such volume and quality as to overcome the presumption of innocence." *Com. v. Giambrone,* 183 Pa. Superior Ct. 283, 291, 130 A. 2d 254 (1957).

The appellant contends that the evidence to support the conviction of the violation of the liquor law is vague and indefinite. This is based on the argument that there was not sufficient evidence to indicate that the beverage given the child by the appellant was an alcoholic beverage. The child described the beverage as "Old Clorie-whiskey". It is apparent that he must have been mistaken about the name but he testified to getting sick as a result of drinking the beverage and his father found him sick in bed with the odor of alcohol on his breath and the child told his father that the appellant had given it to him. He testified that "He kept giving me this stuff in the bottle" on many of his visits. The father testified that he had seen people under the influence of intoxicating liquor and that his son was under the influence of intoxicating liquor on this occasion.

This Court has recognized that the testimony of a layman is sufficient to establish that a person is under the influence of intoxicating liquor, and that the odor of liquor on the breath of a person is itself admissible as relevant evidence of the consumption of alcoholic beverages. It is not necessary that one be an expert to testify as to intoxication. *Com. v. Smith,* 174 Pa.

Superior Ct. 533, 102 A. 2d 243 (1954). We think there was sufficient competent evidence to sustain this conviction.

Finally in regard to the conviction for corrupting the morals of a minor, it is apparent that the evidence which was sufficient to support the conviction of the appellant for two crimes involving this minor, is sufficient to justify this conviction. As put by the appellant in his argument, "Unless either or both of the charges considered . . . can be sustained, the charge of corrupting the morals of a minor must fail." As both have been sustained, it most certainly follows that there is sufficient evidence to support the conviction under the Act of June 3, 1953, P. L. 277, §1, 18 PS §4532.

The appellant apparently abandoned his argument, made before the court below, attacking the constitutionality of this act. See *Com. v. Randall,* 183 Pa. Superior Ct. 603, 133 A. 2d 276 (1957). In addition, an examination of the child's testimony in the record as to the acts of sodomy, although the jury by its verdict, must have been reluctant to convict him of the more serious crime of sodomy solely on the child's testimony, they may well have properly concluded that the appellant's course of conduct did tend to corrupt the morals of this boy.

Judgments of sentence are affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentences or any parts thereof which had not been performed at the time the order of supersedeas was entered.