## Commonwealth *v.* Palmer, Appellant.

Argued April 11, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*William M. Acker,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 15, 1960:

This is an appeal from the judgment of sentence imposed by the Court of Quarter Sessions of Allegheny County. The appellant, William Palmer, was charged with statutory rape and corrupting the morals of a minor. The jury found him not guilty of statutory rape but guilty of corrupting the morals of a minor. Motions for a new trial and in arrest of judgment were argued and denied; and the appellant was sentenced to one to two years in the Allegheny County Workhouse.

The minor prosecutrix, Mary Ellen Hassett, was 14 years of age; the appellant, William Palmer, is a married man, 22 years of age. She and a girl friend were invited by Palmer to go for a ride in his car. There were six people in the car, three male, three female. They drove around for several hours. Palmer and the other men secured beer in quart bottles; she was given beer by Palmer and consumed about one-half quart. She got dizzy. Palmer drove all the occupants of the car home except Mary. He then stopped with her in

an alley and she testified that he grabbed her; pulled her down on the seat and started to take her clothes off. She further testified that he exposed his sexual organs and had intercourse with her; that she was bleeding and that he gave her his "T" shirt to wipe up the blood. When he left her off she reported the incident to a storekeeper, who sent for the police.

The Act of June 3, 1953, P. L. 277, §1, 18 PS §4532, under which he was convicted, provides: "Whoever, being of the age of twenty-one years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of eighteen years, . . . is guilty of a misdemeanor." There was most certainly sufficient evidence in this case to support the conviction of the crime of statutory rape. Perhaps, as pointed out by the Commonwealth, the attack on the reputation of the child for chastity may explain the reluctance of the jury to convict him of the more serious crime. But regardless of the verdict of acquittal for statutory rape, there remains a wealth of evidence to support the conviction of corrupting the morals of a minor, as provided in the act. *Com. v. Blauvelt*, 186 Pa. Superior Ct. 66, 140 A. 2d 463 (1958).

What was said by Judge WOODSIDE in *Com. v. Stroik*, 175 Pa. Superior Ct. 10, at page 15, 102 A. 2d 239 (1954), that " 'Delinquency' is a very broad term involving in some cases a single act and in others a course of conduct, sometimes with no single act sufficiently serious to warrant a finding of delinquency. . . 'Contributing to delinquency' is also a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct" applies equally well to "corrupting the morals" of a minor. The constitutionality of the Act of 1953 was upheld in *Com. v. Randall*, 183 Pa. Superior Ct. 603, 133 A. 2d 276 (1957), where we said at page

611, "It should be remembered that we are not here dealing with a moral concept about which our people widely differ; corrupting the morals of children is condemned throughout our land. According to common understanding, the term 'morals' must be taken to refer to the moral standards of the community, the 'norm or standard of behavior which struggles to make itself articulate in law' ".

Here, although found not guilty of statutory rape, the evidence that, while in his company in his car, he secured and gave her intoxicating drink that made her dizzy; that he exposed his person to her; and the forceable intercourse; either as separate acts, or taken together as a course of conduct would justify this verdict. As we said in *Com. v. Chapman*, 186 Pa. Superior Ct. 632, 142 A. 2d 469 (1958), where the defendant was found guilty of corrupting the morals of a minor and not guilty of sodomy, at page 637, "Finally in regard to the conviction for corrupting the morals of a minor, it is apparent that the evidence which was sufficient to support the conviction of the appellant for two crimes involving this minor, is sufficient to justify this conviction. . . In addition, an examination of the child's testimony in the record as to the acts of sodomy, although the jury by its verdict, must have been reluctant to convict him of the more serious crime of sodomy solely on the child's testimony, they may well have properly concluded that the appellant's course of conduct did tend to corrupt the morals of this boy." In this case, as in the *Chapman* case, they may well have properly concluded that the course of conduct in the automobile leading up to and including the sexual act did tend to corrupt the morals of this girl.

Judgment of sentence is affirmed and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence,

or any part thereof, which had not been performed at the time the order of supersedeas was entered.