Commonwealth *v.* Meszaros, Appellant.

Argued December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Harry R. Back,* for appellant.

*Ward F. Clark,* Assistant District Attorney, with him *Paul R. Beckert,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., March 22, 1961:

The defendant, Eugene Meszaros, was convicted in the court below of the offenses of (1) assault and battery, (2) indecent assault and (3) tending to corrupt the morals of a female child under the age of 18 years. After dismissing a motion for new trial the court below sentenced the defendant to a prison term under the count of tending to corrupt the morals of a child, and suspended sentence on the other two counts. Defendant appealed.

Appellant's principal contention is addressed to the refusal of the court below to continue the case because of the absence of a witness. An application for a continuance of a case is addressed to the sound discretion of the trial judge and in the absence of an abuse of dis-

cretion the action thereon will not be disturbed: *Com.
v. Drew,* 190 Pa. Superior Ct. 478, 154 A. 2d 285. The
trial judge attempted to ascertain precisely what the
witness would testify to if called. It was first stated
that the witness would testify as to the prosecutrix'
bad reputation for chastity. After a side bar confer-
ence, the trial judge stated that it was his understand-
ing that the witness would not testify as to the victim's
reputation for chastity but rather to matters relating
thereto. When asked if he were not correct in this as-
sumption, defense counsel stated that the witness would
show that the girl "is known throughout the commu-
nity to have openly petted and similar types of con-
duct. . . ." Of course, the witness could not have tes-
tified as to specific acts on the part of the young lady:
*Com. v. Sutton,* 171 Pa. Superior Ct. 105, 90 A. 2d 264.
It may be that the fact that the girl "openly petted"
might have formed the basis for the witness' conclusion
that the child bore a bad reputation for chastity. It
must be recalled that the defendant was sentenced on
the charge of tending to corrupt the morals of a child.
Evidence relating to reputation for chastity, if offered,
would have been incompetent on that charge. In *Com.
v. Blauvelt,* 186 Pa. Superior Ct. 66, 73, 140 A. 2d
463, Judge HIRT, speaking for the Court, said: "The
question of consent is neither relevant nor material on
a charge of corrupting the morals of a minor under
§4532 of The Penal Code, supra. The section of the
Code forbids any act by an adult which tends to or
actually does corrupt the morals of a child. The terms
of the proscription are clear; no adult may with im-
punity engage in conduct with a minor which has the
effect of corrupting the morals of the child; and it
could not be argued persuasively that the acts charged
here did not fall within the category of conduct which
the law forbids. Whether the child consented to, or
even solicited the advances which affected her morals,

is of no moment. While under the common law a child of the age of Lois Quimby was considered of sufficient capacity to consent to an indecent assault, an enlightened legislature of this Commonwealth has recognized that the inexperience of youth prevents intelligent judgment in matters of morality. It has therefore removed children from the area of responsibility for their own fault within the purview of the above section of The Penal Code and has placed the guardianship of their morality upon adults. Thus, any depraved adult who participates in the corruption of children must do so at his own risk; and the fact that he may have succumbed to the invitation of a female of tender years is more an aggravation than an excuse." We see no reason why evidence of bad reputation should not be treated the same as evidence showing consent of the minor. Since the evidence of bad reputation for chastity was of no moment on the trial of the charge relating to tending to corrupt the morals of a child, the exclusion of the evidence had no prejudicial effect on the defendant in that case and the judgment of sentence on his conviction of that offense should not be disturbed.

"Tending to corrupt" like "contributing to delinquency," is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage *or to continue* conduct of the child which would amount to delinquent conduct: *Com. v. Stroik*, 175 Pa. Superior Ct. 10, 15, 102 A. 2d 239; *Com. v. Palmer*, 192 Pa. Superior Ct. 607, 609, 162 A. 2d 34.

Even if the child had a bad reputation for chastity, this would not excuse the defendant on a charge of "tending to corrupt the morals of a child." There is always a chance that such a child might have reformed but for the defendant's conduct continuing the child's delinquency.

An appeal will be allowed from a suspended sentence if great injustice would be done to the defendant by not allowing it. Here we are sustaining the defendant's conviction on the charge of tending to corrupt the morals of a child. The defendant suffers little if any stigma as a result of the verdict of guilty on the assault and battery or indecent assault charges growing out of the same transaction. If we were to grant a new trial on the charge of tending to corrupt the morals of a child or discharge the defendant on this charge, we would consider the charges of assault and battery and indecent assault: *Com. v. Heintz*, 182 Pa. Superior Ct. 331, 336, 337, 126 A. 2d 498.

The judgment of sentence on the charge of tending to corrupt the morals of a child is affirmed and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.