## Commonwealth v. Trusewicz

*Ernest L. Green, Jr., Assistant District Attorney,* for Commonwealth.

*John R. Larkin,* for defendant.

SAND, J., June 24, 1968.—Following conviction of corrupting the morals of a minor by a judge sitting without a jury, defendant filed motions for new trial and in arrest of judgment.

There is practically no dispute concerning the evidence. Both defendant and prosecuting witness, a lad of 14 years, testified that while the latter was leading defendant, an amateur photographer, into the woods to photograph a plane crash, defendant asked him to pose in various states of undress. Defendant asked prosecuting witness to roll up the underpants bikini-style, and, when he did not understand, defendant rolled the pants up for him, making no physical contact with the boy's privates. Finally, after being asked to pose nude with a rock in front of his privates, the boy ran away.

The act under which this prosecution is based (Act of July 25, 1961, P. L. 848, sec. 1, 18 PS §4532) provides:

*"Whoever, being of the age of eighteen years and upwards, by any act corrupts* or *tends to corrupt the morals of any child under the age of eighteen years,* or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor . . . "

It is conceded by the parties hereto that the pertinent, applicable language in this matter is that itali-

cized in the above-quoted section.

Defendant contends that the acts of which he stands accused did not "tend to corrupt the morals" of the minor prosecuting witness. A portion of the small amount of decisional law on section 4532 delineates the apparently limitless scope of the term "tending to corrupt": Commonwealth v. Meszaros, 194 Pa. Superior Ct. 462, at page 465, notes:

" 'Tending to corrupt', like 'contributing to delinquency', is a broad term involving conduct toward a child in an unlimited variety of ways which *tends to produce or encourage or to continue conduct of the child which would amount to delinquent conduct. . . .*" (Italics supplied.)

A delinquent child, according to the legislation defining that term is:

(a) A child who has violated any law of the Commonwealth or ordinance of any city, borough or township;

(b) A child who, by reason of being wayward or habitually disobedient, is uncontrolled by his or her parent, guardian or custodian or legal representative;

(c) A child who is habitually truant from school or home;

(d) A child who habitually so deports himself or herself as to injure or endanger the morals or health of himself, herself or others. (The Juvenile Court Law of June 2, 1933, P. L. 1433, as amended, 11 PS §243).

We do not believe that a lad of 14 years who poses in the nude for a photographer, nor one who appears in a state of undress before an older person of the same sex, is necessarily guilty of delinquent conduct as above defined. Therefore, one who requests such conduct is not necessarily guilty of corrupting the morals of that child. Were the law otherwise, an artist might be guilty of this crime. Furthermore, school officials

and gym teachers who require children to remove their clothing and shower in front of their teachers and classmates might likewise be guilty of this crime.

We are not saying that conduct similar to that in this case can never be the basis for a conviction under the applicable criminal statute, but we feel that the instant conviction was based on the suspicion, created by the unusual circumstances present, that defendant induced the prosecutor to act in the manner described as a result of evil and immoral thoughts. The danger of making thoughts the subject of criminal prosecutions is so patently dangerous as to require no comment here. It may be true also that we do not like people who have propensities for unconventional behavior, but for the same reason that we do not convict for thoughts, we also do not convict for being a certain type of person; we only convict for criminal *acts*.

Accordingly, we enter the following:

ORDER

And now, to wit, June 24, 1968, after argument of counsel and consideration of briefs filed, it is ordered and decreed that:

(1) Defendant's motion for a new trial be and the same is hereby denied;

(2) Defendant's motion in arrest of judgment be and the same is hereby sustained.