## Commonwealth v. Stoneback

*David C. Patten,* for Commonwealth.

*Michael B. Kean,* for defendant.

KURTZ, J., July 28, 1970.—Section 532 of The Penal Code of June 24, 1939, P. L. 872, as amended, 18 PS §4532, provides:

"Whoever, being of the age of eighteen years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of eighteen years, . . ., is guilty of a misdemeanor, . . ."

In this bill of indictment it is charged that the above-named defendant did on or about August 15, 1969, corrupt or tend to corrupt the morals of Hazel Faye Stanley. The testimony indicates that on that date Hazel Faye Stanley was but 12 years of age. Defendant was over the age of 18 years.

" 'The section of the Code forbids any act by an adult which tends to or actually does corrupt the morals of a child. The terms of the proscription are clear; no adult may with impunity engage in conduct with a minor which has the effect of corrupting the

morals of the child; and it could not be argued persuasively that the acts charged here did not fall within the category of conduct which the law forbids . . .'

" 'Tending to corrupt' like 'contributing to delinquency,' is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct: [Citing cases]": Commonwealth v. Meszaros, 194 Pa. Superior Ct. 462, 464, 465 (1961).

This defendant was convicted upon the charge contained in the bill of indictment. He has now moved for a new trial and in arrest of judgment. In view of the disposition we are about to make on the motion in arrest, we need not consider the motion for a new trial. In that connection, we point out that the insufficiency of the evidence must be evaluated upon the entire trial record; all of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom: Commonwealth v. Tabb, 417 Pa. 13 (1965).

In this case, it was testified that, on the day in question, this defendant was the driver of a pickup truck occupied by a total of nine young men whose ages ranged from late teens to the low thirties. On that day, this truck picked up Miss Stanley and her younger sister as they walked along a country road in the vicinity of her home. Having gotten into the truck, the girls, together with the nine male occupants, drove along the road, during which time Miss Stanley was offered beer which she consumed. The truck then proceeded down a dirt road away from the traveled highway to a quarry which was filled with water and at that location all parties alighted from it and some of the young men went swimming. While this was going on two of those present took

Miss Stanley by her wrists and induced her to go to a location apart from where some of the others were swimming. While at this location, three of the young men, none of whom was defendant, had intercourse with her.

All parties then reboarded the truck. Again driven by defendant, it proceeded in the direction of Miss Stanley's home. However, before that destination was reached, defendant pulled the truck to the side of the road where all parties alighted and two of the young men, neither of whom was defendant, again had intercourse with Miss Stanley in the back of the truck.

All of those who had intercourse with Miss Stanley were charged with statutory rape and with conduct corrupting or tending to corrupt her morals. Those who did not have intercourse with her were charged only with the latter charge. Those who had intercourse were convicted of fornication and of the latter charge. There was testimony as to her bad reputation for chastity. We must determine whether the evidence set forth above is sufficient to sustain this conviction. We think that it is.

It must be admitted that Stoneback did not molest the young victim. It must also be admitted that there is no evidence that he did anything by way of actual encouragement or that he participated to any extent in fornication in which she participated. However, we cannot overlook the broad definition of the offense as it is set forth above. We believe that it is broad enough to include the acts of this defendant in driving this young girl to a remote location where she was served beer illegally and thereafter either forced or induced to participate in the sexual conduct which corrupted her morals. While there is no evidence that Stoneback possessed actual knowledge of her seduction at the quarry location, there are circumstances

from which it can be inferred that he must have known that conduct tending toward such a result was being pursued. With that information before him, he stopped the truck on the way back to Miss Stanley's home and thereby afforded two more of his companions the opportunity of having intercourse with her. His position in these circumstances was more than that of a mere bystander. He was himself guilty of conduct which tended toward the accomplishment of the proscribed result.

We have already noted that because this motion must be dismissed, the motion for new trial need not be considered. Accordingly, we now decree that the motion in arrest of judgment be dismissed. The district attorney may move for sentence at an appropriate time.