## Commonwealth v. Smith

*Nicholas Zanakos,* Assistant District Attorney, for Commonwealth.

*Joseph Reihman,* for defendant.

FRANCIOSA, J., November 16, 1973.—Defendant was charged with statutory rape, assault with intent to ravish and corrupting the morals of a 15-year-old child. The jury found defendant guilty of fornication[*] and corrupting morals and not guilty of statutory rape and assault with intent to ravish.

At trial, the defense raised was the victim's bad reputation for chastity. The jury's verdict on the statutory rape charge establishes the success of that defense.

The sole question now before us is whether a defendant can be found guilty of corrupting the morals of a female child, where the jury by its verdict of "guilty" of fornication says that the child has a bad reputation. In other words, can a man corrupt the morals of a girl who already has a bad reputation?

---

[*] This prosecution is based on occurrences happening prior to the effective date of the new Crimes Code of December 6, 1972, P. L. 1068, no. 334, 18 PS §§101, et seq.; hence, fornication was then a criminal offense.

This question has been answered in the affirmative by our Superior Court. In Commonwealth v. Meszaros, 194 Pa. Superior Ct. 462, 168 A. 2d 781 (1961), the following appears at Pa. Superior Ct. page 465, A. 2d 782, 783:

"We see no reason why evidence of bad reputation should not be treated the same as evidence showing consent of the minor. Since the evidence of bad reputation for chastity was of no moment on the trial of the charge relating to tending to corrupt the morals of a child, the exclusion of the evidence had no prejudicial effect on the defendant in that case and the judgment of sentence on his conviction of that offense should not be disturbed.

" 'Tending to corrupt' like 'contributing to delinquency,' is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage *or to continue* conduct of the child which would amount to delinquent conduct: Com. v. Stroik, 175 Pa. Superior Ct. 10, 15, 102 A. 2d 239; Com. v. Palmer, 192 Pa. Superior Ct. 607, 609, 162 A. 2d 34.

"Even if the child had a bad reputation for chastity, this would not excuse the defendant on a charge of 'tending to corrupt the morals of a child.' There is always a chance that such a child might have reformed but for the defendant's conduct continuing the child's delinquency." (Emphasis in original.)

We have also reviewed defendant's motion for a new trial and find that none of the reasons advanced necessitate our grant of the motion.

Accordingly, we enter the following

## ORDER OF THE COURT EN BANC

And now, November 16, 1973, defendant's motions in arrest of judgment and/or for a new trial are denied

and dismissed in accordance with the foregoing opinion. The Northampton County Probation Office is directed to conduct a presentence investigation with report to the court. Thereafter, defendant is to appear for sentencing on a date to be fixed by the court.