**Commonwealth v. Goodyear et al.**

*John G. Siegle*, Assistant District Attorney, for Commonwealth.

*Robert P. Anderman*, for defendants.

WRIGHT, J., September 5, 1974.—Defendants, Gary George Goodyear and Thomas Goodyear, were indicted by the March 1973 grand jury on indictments: No. 248, violation of Controlled Substances, Drug, Device and Cosmetic Act; no. 249, corrupting the morals of minors; and no. 250, Conspiracy.

Defendants waived a jury trial and were tried before a judge without a jury.

Both defendants were found guilty on all indictments.

Motions for a new trial and motions in arrest of judgment were filed by both defendants.

After argument before the court en banc, this court entered an order granting the motion in arrest of judgment as to both defendants on no. 248, violation of controlled substances, Drug, Device and Cosmetic Act, and dismissed the motions as to both defendants on corrupting the morals of minors and the conspiracy charges.

On May 17, 1974, the date scheduled for sentencing, each defendant was ordered to pay a sum equal to the costs of prosecution and the sum of $300. for the use of the County of Delaware, and each was placed on probation. Both defendants appealed to the Superior Court, necessitating the writing of this opinion.

The minor involved was William Hamill, a nine-year-old, who testified that he was a neighbor of defendants, that on January 5, 1973, he went to the home where defendants resided with their father, that both defendants were upstairs in Gary Goodyear's (hereinafter referred to as "Gary") room, that he went into that room, that Gary offered him a puff of something. He testified that he asked what it was and Gary told him it was "pot." He described the item he took a puff of as white paper wrapped around a green substance, which substance did not look like tobacco. He

also testified that the substance smelled like incense and tobacco smoke. He further testified that Gary told him to inhale, hold it for a moment, and exhale, which he did and that he became dizzy. The young boy further testified that, while in the room, defendant, Thomas Goodyear (hereinafter referred to as "Thomas"), sold a zip-lock bag of the same type substance to a person named Rich for $15. He testified that Thomas told him the substance he sold was "pot" and that Gary told him the substance he took a puff of was "pot."

No analysis was made of the substance, and no other witness was presented.

The court arrested judgment on the indictment charging violation of the Controlled Substances, Drug, Device and Cosmetic Act because defense counsel convinced this court that there had to be some expert testimony that the substance was "pot" (marihuana). Defense counsel contended that no corpus delicti had been proven without considering defendants' statement that the substance was "pot," and that no extra judicial statement is admissible to sustain a finding of guilt where the corpus delicti is not independently proved, citing Commonwealth v. Burns, 409 Pa. 619; Commonwealth v. Leslie, 424 Pa. 331, and others. This was a very close question under the facts of this case; however, the court gave defendants the benefit of the doubt.

Our legislature has provided:

"Whoever, being of the age of 18 years and upwards, by any act corrupts or *tends to corrupt* the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor."

(Emphasis supplied): Crimes Code of Dec. 6, 1972, P. L. 1482, Sec. 3125.

The Commonwealth not having presented any competent evidence that the substance was "pot" (marihuana), did the defendants violate the above statute?

It is a crime to furnish tobacco to a minor: Act of June 24, 1939, P. L. 872, sec. 647, 18 PS §4647. It is a crime to furnish cigarettes or cigarette paper to a minor: Act of June 24, 1939, P. L. 872, sec. 648, 18 PS §4648. We must conclude that anyone furnishing tobacco, cigarettes or cigarette paper to a minor could be found guilty of corrupting the morals of a minor. If the substance furnished a minor is marihuana, certainly the person furnishing it could be found guilty of corrupting the morals of a minor.

In considering the statute relating to corrupting the morals of minors, this court is of the opinion that an important factor is the state of mind of the minor.

It is clear from the young boy's testimony that he knew "pot" was marihuana, and that he thought he was smoking marihuana. Absent any indication that a joke is involved, if a nine-year-old is told that he is being given, and thinks he is being given, a cigarette, tobacco or marihuana, even though the substance given is something else, the person giving the substance to the minor should be convicted of violation of the corrupting of morals of a minor statute.

In the case before us, defense counsel apparently overlooks the fact that any act that *"tends to corrupt"* the morals of a child is a violation of the statute. We do not, therefore, have to determine whether or not the morals of nine-year-old William Hamill were actually corrupted.

Even when the minor consents to or solicits the act which affects his or her morals, the person committing

the act can be found guilty under the statute: Commonwealth v. Blauvelt, 186 Pa. Superior Ct. 66.

In Commonwealth v. Meszaros, 194 Pa. Superior Ct. 462, Judge Ervin, in writing the opinion, stated:

" 'Tending to corrupt' like 'contributing to delinquency,' is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct: Com. v. Stroik, 175 Pa. Superior Ct. 10, 15, 102 A. 2d 239; Com. v. Palmer, 192 Pa. Superior Ct. 607, 609, 162 A. 2d 34."

We think Satterthwaite, J., correctly stated the law in Commonwealth v. Mauthe, 23 D. & C 2d 251 (Bucks County):

"Defendant's present motion in arrest of judgment is founded on the premise that he could not have corrupted Thomas' morals, and that, therefore, no matter what might have been the consequence had a more innocent child been in Thomas' place, nevertheless, defendant cannot be guilty even of tending to corrupt the boy's morals under such circumstances. We cannot agree, factually or legally, with this position.

". . .

"Secondly, even if we assume, as apparently defendant does, that Thomas was so depraved and lacking in moral character that no one could further adversely affect him in that respect, nevertheless, defendant could still be guilty of violation of the penal statute under which this prosecution was brought.

". . .

"Concurrence in defendant's position to this extent, however, does not justify our agreement with his further argument that before he can be convicted, he must be proven to have had, as of the time of the alleged offense, present potential or ability actually

to effect a corruption of the subject minor. So to hold would to a large degree ignore and read out of the legislative language the words 'or tends to corrupt,' and would place unwarranted emphasis upon the actual consequences to the child, rather than upon the real statutory objective which we apprehend to be the prohibition of socially reprehensible activities by adults which either do have, or reasonably might be inclined to have, adverse effect upon the moral character of children who either are, or fairly might have been, influenced thereby. The guilt or innocence of one charged under this section is not determined by ascertaining whether the child in fact is corrupted, or actually commits a crime, or really does violate his parole. To the contrary, the gravamen of the offense is the wrongful influence or inducement, and the party accused is equally within the interdiction of the statute whether such influence or inducement actually is carried into effect or merely leads toward that end."

A conspiracy may be shown by showing relations and conduct or circumstances of the parties: Commonwealth v. Ricci, 177 Pa. Superior Ct. 556. The facts here show that these defendants committed independent acts that would "tend to corrupt" the morals of a minor and also conspired together to commit such acts.

Certainly, considering the evidence in a light most favorable to the Commonwealth, as we must do, where there has been a verdict for the Commonwealth, the findings of guilty on the corrupting the morals of minors and the conspiracy indictments were proper.

It was for the foregoing reasons that the court entered its order of March 15, 1974, dismissing defendants' motions for a new trial and motions in arrest of judgment on the corrupting the morals of minors and the conspiracy indictments.