## Commonwealth v. Good

*Janice Martino-Gottshall,* assistant district attorney, for the commonwealth.

*Samuel K. Gates and Michael J. Krout,* for defendant.

MILLER, *J.*, February 2, 1989 — This matter is before the court on defendant's post-verdict motions after her conviction by a jury on November 17, 1988 of corruption of minors. We grant defendant's motion for a new trial.

On June 23, 1988 defendant was charged by criminal complaint with the offenses of corruption of minors, 18 Pa.C.S. §6301, (count 1) and dissemination to minors, 18 Pa.C.S. §5903(c)(1), (count 2). At trial, the commonwealth was permitted, over objection, to amend the corruption charges. The original information charging corruption of minors stated that defendant did furnish alcoholic beverages to three females under the age of 18. The amended information stated that in addition to the furnishing of the alcoholic beverages, defendant did show sexually explicit photographs to the minors. This alleged act, the showing of the sexually explicit photographs, was also the basis for the dissemination to minors charge, of which defendant was acquitted.

The commonwealth's evidence at trial consisted essentially of the testimony of one of the victims, who was 12 years old. The other two young victims could not be located by the commonwealth. The victim testified that defendant, who provided after-school care for the children in her home until their parents picked them up after work, gave the victims beer to drink and showed them nude photographs of defendant's husband in various states of arousal, as well as nude photographs of defendant and other female persons doing "lesby things." No photographs were offered in evidence.

Defendant first alleges that the court erred in allowing the commonwealth to amend the information. According to Pennsylvania Rule of Criminal Procedure 229:

"The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice." Pa.R.Crim.P. 229.

"The purpose of this rule is to insure that a defendant is fully apprised of the charges against him, and to avoid prejudice by prohibiting last-minute additions of alleged criminal acts of which a defendant is uninformed. *Commonwealth v. Lawton,* 272 Pa. Super. 40, 414 A.2d 658 (1979); *Commonwealth v. Stanley,* 265 Pa. Super. 194, 401 A.2d 1166 (1979), affirmed, 498 Pa. 326, 446 A.2d 583 (1982). The test is whether the amended provision alleges a different set of events, or its elements or defenses are materially different from the elements or defenses to the crime originally charged. *Commonwealth v. Stanley, supra.*" *Commonwealth v. Shirey,* 333 Pa. Super. 85, 113, 481 A.2d 1314, 1329 (1984).

As the court in *Shirey* held, we also find that defendant in the instant case was not prejudiced by the allowance of the amendment. The alleged facts and conduct surrounding the incident complained of in the original and amended informations were identical. In view of the second count, any preparation necessary to defend against the amended information does not appear to have required alteration or addition. We, therefore, find this contention meritless.

What we do find significant and deserving of our attention is the absence of the photographs that were allegedly shown to the minors, an issue not

raised by defense counsel. The Pennsylvania Superior Court's opinion in *Commonwealth v. Shirey,* 343 Pa. Super. 189, 494 A.2d 420 (1985) (appeal after remand), addresses this subject. In *Shirey,* defendant was charged with "showing . . . obscene magazines and literature." *Id.* at 196, 494 A.2d at 423. The court held that the conviction could not be sustained because the commonwealth failed to produce evidence that the magazines and literature were obscene. The *Shirey* court found *Commonwealth v. Chapman,* 186 Pa. Super. 632, 142 A.2d 469 (1958) to be helpful in measuring the sufficiency of evidence necessary for a conviction in a corruption of minors case. The prosecution in the *Chapman* case entered 40 photographs into evidence and through testimony linked those photographs with the ones shown to the minor.

In the *Shirey* case as in the instant case, no magazines, literature or photographs were introduced at trial by the commonwealth. The *Shirey* court stated:

"Significantly, the jury did not have the benefit of viewing the allegedly obscene photographs themselves. We do not believe it is reasonable for the fact finder to draw the inference that a picture is obscene based solely on the fact it showed naked men and women and that one of the covers mentioned the word sex, especially when the materials themselves have not been viewed. As the lower court in *Chapman* explained, the description by the minors alone was hardly conclusive in proving that they were lewd, lascivious or obscene." *Shirey* at 197, 494 A.2d at 424.

Comparing the facts of the instant case with those in both the *Shirey* and *Chapman* cases we cannot in good faith find a sufficiency of evidence to sustain a conviction of corruption of minors. Since

no photographs were introduced, there was no way for the jury to determine whether the alleged pictures were sexually explicit. Statements by one of the three minors is not conclusive.

We are mindful of a most recent Pennsylvania Superior Court opinion, *Commonwealth v. Anderson,* 379 Pa. Super. 589, 550 A.2d 807 (1988), in which the court overruled *Shirey, supra,* "to the extent that [it holds] that conviction for a charge of corruption of minors requires proof of anything more than proof of the specific underlying act alleged in the information." *Anderson, supra.* Our reliance on *Shirey, supra* is not disturbed by the *Anderson* ruling. In fact the *Anderson* court noted that "*Shirey's* analysis of the corruption of minors statute and its application of the statute to the other conduct alleged is well grounded in law." *Anderson, supra.* It is in this area that our dependence on *Shirey* rests.

Additionally, we have outlined the facts of this case with the following well-established standard of review in mind when the issue of the sufficiency of the evidence is raised.

"[W]hether, viewing the evidence in the light most favorable to the commonwealth [as verdict winner], and drawing all reasonable inferences favorable to the commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt . . . The commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence . . . Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered . . . Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced is free to believe

all, part or none of the evidence." (citations omitted). *Commonwealth v. Griscavage,* 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986) (quoting *Commonwealth v. Harper,* 485 Pa. 572, 576-7, 403 A.2d 536, 538-9 (1979). Under these circumstances we are not satisfied that the evidence fully supported the jury's conclusion.

We also comment on defendant's allegation that furnishing alcoholic beverages to three minors, in and of itself, is not sufficient to sustain the offense of corruption of minors. Defendant cites *Commonwealth v. Hightower,* 34 Beaver Leg. J. 14 (1974) for this proposition. No Pennsylvania appellate court authority on this particular issue has been called to our attention. The *Hightower* court does state that furnishing alcohol to minors is alone insufficient but suggests that all the facts and circumstances must be considered.

Initially we must examine the statute. Section 6301 states:

"Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or *who aids, abets, entices or encourages any such minor in the commission of any crime,* or who knowingly assists or encourages such minor in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree." 18 Pa.C.S. §6301(a). (emphasis supplied) It is a crime under 18 Pa.C.S. §6308 for a minor to consume or possess alcoholic beverages. It clearly follows that defendant's conduct in furnishing alcohol to the minors caused the minors to commit a crime. Therefore, defendant's conduct falls within the purview of section 6301, allowing the furnishing of alcohol to be used as a basis for conviction on a charge of corruption of minors.

We hold that:

(1) the commonwealth's lack of photographic evidence does not permit the jury to infer that the photographs were sexually explicit, and

(2) the furnishing of alcohol to minors caused the minors to commit a crime.

Item number one above exposes a deficiency in the evidence that would preclude a conviction under the corruption of minors charge. Item number two above is a basis upon which a conviction for the corruption charge can be sustained.

A dilemma ensues. Upon which principle did the jury base their decision? If their determination was grounded on the showing of sexually explicit photographs, their verdict cannot stand. If, however, the premise for the guilty verdict was the furnishing of alcohol it can be upheld. Since this uncertainty cannot be unraveled, we must hold that the conviction cannot stand.

We believe that the law as it presently stands in this commonwealth requires this court to grant defendant's motion for a new trial. Accordingly, we enter the following

## ORDER

And now, February 2, 1989, defendant's motion for a new trial is granted.