**Commonwealth v. Decker**

158

*Karen Arnold,* for Commonwealth.
*Roger Foley,* for defendant.

BROWN, JR., *P.J.,* October 16, 1995—Presently before this court is a petition for writ of habeas corpus filed by defendant James M. Decker. Defendant alleges he was improperly and unlawfully bound over to the Centre County Court of Common Pleas on the charge of corruption of minors, 18 Pa.C.S. §6301(a), to-wit:

"(a) That petitioner did, on or about December 14, 1994 to December 25, 1994, at lot no. 24, Hilltop Trailer Park, College Township, Pennsylvania, being of the age of 18 years and upwards, by any act corrupted or tended to corrupt the morals of a minor less than 18 years of age, or aided, abetted, enticed or encouraged

any such minor in violating his or her parole or any order of court."

Corruption of minors is the only criminal activity alleged to have occurred in the criminal information. The alleged acts occurred between December 14 and December 25, 1994. On the night in question, the victim and a friend left the victim's home at around 2 a.m. The victim and her friend went to the Hilltop Trailer Park. While at lot no. 24, the victim and defendant engaged in sexual intercourse.

Noticeably absent from the Commonwealth's case is any charge of involuntary sexual deviate intercourse, statutory rape, indecent assault, indecent exposure or any allegation of lack of consent or use of alcohol or other illegal drugs. It is simply a case of a 37-year-old adult man having consensual sex with a 15-year-old minor. The Commonwealth alleges that defendant, because he corrupted, or tended to corrupt, the morals of the victim, a 15-year-old minor, is guilty of a crime.

Defendant argues there is no notice of this "crime." It is the position of defendant that he has done nothing criminal in this case because the Pennsylvania Legislature allows 15-year-old girls to engage in acts of sexual intercourse. Furthermore, there are no other acts alleged to have occurred which, if proven, would constitute a crime.

The crime of corruption of minors is usually a crime that accompanies another "more serious" crime such as statutory rape or involuntary deviate sexual intercourse or accompanies some drug or alcohol use, possession or sale. In *Commonwealth v. Anderson,* 379 Pa. Super. 589, 550 A.2d 807 (1988), and *Commonwealth v. Bricker,* 397 Pa. Super. 457, 580 A.2d 388 (1990), our Superior Court has made it clear that a defendant can be convicted by a jury of the crime of

corruption of minors and be acquitted of the "underlying" charge, such as involuntary deviate sexual intercourse or indecent assault. It would seem strange indeed to hold that while a defendant can be *convicted* of the crime of corruption of minors standing alone, the same defendant cannot be *charged* with the crime of corruption of minors standing alone. Therefore, the Commonwealth may bring a charge of corruption of minors standing alone. Nevertheless, this does not address defendant's contention that he did nothing criminal.

The Commonwealth argues this court must look to the "common sense of the community" when addressing allegations of corruption of minors. Defendant argues the "common sense of the community" standard is applicable to juries and not a prima facie element of the offense. This court does not agree with defendant.

In construing 18 Pa.C.S. §6301(a), the Superior Court has stated that the Commonwealth need not prove that the defendant's acts actually corrupted the minor's morals, but only that they tended to do so. See *e.g., Commonwealth v. Davison,* 243 Pa. Super. 12, 14 n.1, 364 A.2d 425, 426 n.1 (1976). In *Commonwealth v. Meszaros,* 194 Pa. Super. 462, 168 A.2d 781 (1961), this court said:

" 'Tending to corrupt' like 'contributing to delinquency' is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage *or to continue* conduct of the child which would amount to delinquent conduct." (emphasis in original) *Id.* at 465, 168 A.2d at 782, quoting *Commonwealth v. Stroik,* 175 Pa. Super. 10, 15, 102 A.2d 239 (1954); *Commonwealth v. Palmer,* 192 Pa. Super. 607, 609, 162 A.2d 34 (1960).

"The comprehensive words of the statute, '[w]hoever, being of the age of 21 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years' certainly convey *concrete impressions to the ordinary person. The common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it." Commonwealth v. Randall,* 183 Pa. Super. 603, 611, 133 A.2d 276, 280 (1957), *cert. denied,* 355 U.S. 954, 78 S.Ct. 539, 2 L.Ed.2d 530 (1958). (citations omitted) (emphasis added)

A 37-year-old man having sex with a 15-year-old girl is precisely the type of activity the corruption of minors statute was intended to curtail. The Commonwealth has simply chosen to individualize this type of conduct to this particular case. This court cannot say as a matter of law the Commonwealth may not proceed as it has done so here. This court believes at some point during the night in question, defendant should have stopped and said to himself "maybe this is wrong." As a matter of "[t]he common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain," *Commonwealth v. Randall, supra* at 611, 133 A.2d at 280, a jury could find that defendant's conduct tended to corrupt the morals of the victim.

Accordingly, this court enters the following:

ORDER

And now, October 16, 1995 upon consideration of the arguments of counsel, defendant James M. Decker's petition for writ of habeas corpus is denied.