J-A24009-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS J. F. FIGUEROA-FAGOT, | : | |
| | : | |
| Appellant | : | No. 1270 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 4, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0009312-2012

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 02, 2015**

Carlos Figueroa-Fagot (Appellant) appeals from the judgment of sentence after being convicted of criminal attempt - kidnapping, unlawful contact with a minor, interference with custody of children, corruption of minors, indecent assault, and simple assault.  Upon review, we vacate Appellant's judgment of sentence, reverse Appellant's convictions for unlawful contact with a minor, indecent assault, and corruption of minors, and remand for proceedings consistent with this memorandum.[1]

The incident giving rise to these charges occurred on July 17, 2012 at approximately 4:00 p.m.  V.P., a ten-year-old girl at the time, along with her one-year-old brother, went to Tony's Market to get chocolate water ice.  The

---

[1] The Commonwealth has filed a Motion to Complete the Record Pursuant to Pa.R.A.P. 1926. We grant the motion and have obtained the surveillance video of the incident.

*Retired Senior Judge assigned to the Superior Court.

two then were walking to the home of V.P.'s father when V.P. saw Appellant sitting in a white, four-door car with the door open. V.P. then "turned the corner and saw [Appellant] running behind [her], and he tried to grab [her]." N.T., 9/9/2013, at 30. V.P. testified that Appellant grabbed her and had "his hand over [her] mouth and one [of] his arm[s] under [her] leg." *Id*. V.P. testified that she was "screaming and kicking" and "bit his finger" while he was grabbing her. *Id*. at 31. She further testified that she did not hear Appellant say anything and that she was scared for both herself and her little brother. Appellant finally dropped V.P. and ran back to his car.

V.P. ran to her house, told her mother about the incident, and her mother called police. Police Officer Edward Lichtenhahn was assigned to the case. He conducted a neighborhood survey, which included obtaining a video recovered "from a private residence showing the actual attack that had taken place." N.T., 9/10/2013, at 16.

Appellant appeared voluntarily at the police station accompanied by his pastor the following day.[2] Police showed him the video of the incident, and Appellant told police it was his car in the video. *Id*. at 38. Police then

_____

[2] In conjunction with their investigation, police put out a bulletin with Appellant's basic description as well as a description of the vehicle, and offered a reward for information. Appellant told police that after seeing the bulletin on the news, a family member accused Appellant of being the person involved and planned to report Appellant to collect the reward money. Thus, Appellant went voluntarily to the police to say that he was not involved in the case.

read Appellant his **Miranda**[3] rights, and Appellant agreed to speak voluntarily with police. Appellant admitted that the person in the video "looks like" him, but he does not "remember." **Id**. at 45.

Appellant was charged with the aforementioned crimes, as well as false imprisonment and unlawful restraint, and proceeded to a jury trial. The jury found Appellant guilty of attempted kidnapping, unlawful contact with a minor, interference with the custody of children, corruption of minors, indecent assault, and simple assault.[4] On April 4, 2014, the trial court conducted a hearing to determine if Appellant was a sexually violent predator (SVP) and to sentence Appellant. The trial court concluded that Appellant was an SVP and sentenced Appellant to an aggregate term of 17 to 34 years of incarceration.[5] Appellant did not file a post-sentence motion, but did file timely a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[4] Both unlawful restraint and false imprisonment were *nolle prossed*.

[5] The sentence was broken down as follows: 1) attempted kidnapping, 10 to 20 years of incarceration; 2) unlawful contact with a minor, 3½ to 7 years of incarceration; 3) interference with custody of children, 3½ to 7 years of incarceration; 4) corruption of minors, 2½ to 5 years of incarceration; 5) indecent assault, 2½ to 5 years of incarceration; and 6) simple assault, 2½ to 5 years of incarceration. The first three sentences run consecutively to each other; the second three sentences run concurrently to the first three and to one another.

On appeal, Appellant challenges the sufficiency of the evidence to sustain three of his convictions: corruption of minors, indecent assault by forcible compulsion, and unlawful contact with minors. We address all three issues mindful of our well-settled standard of review.

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. … Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Helsel*, 53 A.3d 906, 917-18 (Pa. Super. 2012) (quoting *Commonwealth v. Bricker*, 41 A.3d 872, 877 (Pa. Super. 2012) (citations omitted)).

We begin with Appellant's corruption of minors conviction. That statute provides, in relevant part, as follows. "[W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age … commits a misdemeanor of the first degree." 18 Pa.C.S. § 6301(A)(1)(i).

> Corruption of a minor can involve conduct towards a child in an unlimited number of ways. The purpose of such statutes is basically protective in nature. These statutes are designed to cover a broad range of conduct in order to safeguard the welfare and security of our children. Because of the diverse types of

- 4 -

conduct that must be proscribed, such statutes must be drawn broadly. It would be impossible to enumerate every particular act against which our children need be protected.

***Commonwealth v. Slocum***, 86 A.3d 272, 278 (Pa. Super. 2014).

We point out that "[t]ending to corrupt … is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct[.]" ***Commonwealth v. Meszaros***, 168 A.2d 781, 782 (Pa. Super. 1961). Instantly, Appellant grabbed V.P. suddenly, in front of her young brother, and attempted to kidnap her. Such conduct is not the type that would tend to "produce" or "encourage" delinquent conduct in V.P. ***Id***. Accordingly, we reverse Appellant's corruption of minors conviction.

We now turn to Appellant's convictions for indecent assault by forcible compulsion pursuant to 18 Pa.C.S. § 3126(a)(2) and unlawful contact with a minor pursuant to 18 Pa.C.S. § 6318. The trial court concluded that the evidence was sufficient where Appellant "forcibly grabbed the victim, covered her mouth, touched her in an intimate place, picked her up close to his body, and attempted to abduct her." Trial Court Opinion, 10/31/2014, at 14.

With respect to unlawful contact with a minor, this Court has explained that "[unlawful contact with a minor] is best understood as unlawful

**communication** with a minor." ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa. Super. 2015) (emphasis added).[6] ***See Commonwealth v. Velez***, 51 A.3d 260 (Pa. Super. 2012) (holding that unlawful contact with a minor can be inferred where the victim's pants were removed and that could not have occurred absent a verbal or physical directive from Velez).

Instantly, the victim testified that she did not hear Appellant say anything and the surveillance video indicates no nonverbal communication. N.T., 9/9/2014, at 31. Thus, the evidence does not establish any verbal or nonverbal communication as contemplated by the statute to convict Appellant of unlawful contact with a minor. Accordingly, we reverse Appellant's conviction on this charge.

To sustain the conviction for indecent assault by forcible compulsion, the perpetrator must have "indecent contact with the complainant … for the purpose of arousing sexual desire in the [perpetrator] or the complainant and … does so by forcible compulsion." 18 Pa.C.S. § 3126(a)(2).

In this case, the victim testified that Appellant "had his hand over [her] mouth [and] his arm under [her] leg." N.T., 9/9/2014, at 30. A review of the video of the incident does not establish that Appellant touched the

---

[6] The statute provides, in relevant part, as follows. "A person commits an offense if he is intentionally in contact with a minor … for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth[.]" 18 Pa.C.S. § 6318(a).

victim in "an intimate place" as the trial court suggests. Instead, the video demonstrates that Appellant was trying to kidnap the victim by picking her up and carrying her away while she was fighting against him. "Any doubts regarding a defendant's guilt may be resolved by the fact-finder **unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances**." ***Commonwealth v. Vargas***, 108 A.3d 858, 867 (Pa. Super. 2014) (citation omitted; emphasis added). After a review of the video and the victim's testimony, this is the type of case where the evidence was so weak and inconclusive that the jury's verdict cannot be sustained on this charge because it does not establish that Appellant had indecent contact with the victim for the purpose of arousing his sexual desire. Accordingly, we reverse Appellant's conviction on this charge.

Our disposition reversing Appellant's convictions on the aforementioned charges may upset the trial court's sentencing scheme. ***See Commonwealth v. Sutton***, 583 A.2d 500, 502 n. 2 (1990) (citations omitted) ("Where one, convicted of several crimes, successfully challenges his judgment of sentence on appeal, remand for resentencing may be just under the circumstances, as it may further the sentencing court's plans for protection of society from future criminal activity and rehabilitation of the

criminal and reduce the possibility of disparate and irrational sentencing.").

Accordingly, we remand this case for resentencing.

Judgment of sentence vacated. Convictions reversed for corruption of minors, indecent assault, and unlawful contact. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Wecht joins the memorandum.

Judge Panella files a concurring and dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 12/2/2015