416 A.2d 1072

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth C. WOLFF, a/k/a Lawrence C. Wolff, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Dec. 19, 1979.

28

Paul D. Boas, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence imposed after a jury convicted appellant of one count of involuntary deviate sexual intercourse,[1] two counts of corruption of minors,[2] and two counts of false imprisonment.[3] Appellant argues that there was insufficient evidence to justify a guilty verdict on the two counts of corruption of minors; that the information gave appellant improper notice of the charges against him;[4] and that the court erred in denying appellant's requested point for instructions on the charge of involuntary deviate sexual intercourse.

The evidence may be stated as follows: On July 2, 1976, two boys, Lisle, 15, and Joe, 14, were walking home from a country fair when appellant stopped his car to offer them a ride. The boys accepted. As they approached the area where they lived, they asked appellant to let them out, but he continued driving. Appellant told the boys that he had a .38 caliber gun and ordered them to pull down their pants and masturbate. Appellant touched the boys' genitals. Lisle was able to jump from the car, but appellant restrained

1. 18 Pa.C.S.A. § 3123 (Purdon's 1973).

2. 18 Pa.C.S.A. § 3125 (Purdon's Supp. 1978–79).

3. 18 Pa.C.S.A. § 2903 (Purdon's 1973).

4. This argument is disposed of in note 5, *infra*.

Joe. Appellant proceeded to a back road where he placed his mouth on Joe's penis three times.

The information charged appellant on seven counts: one count of involuntary deviate sexual intercourse, two counts of corruption of minors, two counts of indecent assault, and two counts of unlawful restraint. The first count of corruption of minors was based on the charge of involuntary deviate sexual intercourse with Joe. The second count of corruption of minors was based on the charge of indecent assault of Lisle.[5] At trial, the judge dismissed the two counts of indecent assault, and reduced the charges of unlawful restraint to false imprisonment.

■ In testing the sufficiency of evidence, we first accept as true all the evidence upon which the finder of fact could have reached its verdict, and then, after giving the Commonwealth the benefit of all reasonable inferences arising from the evidence, we ask whether the evidence, and the inferences arising from it, are sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Williams*, 468 Pa. 357, 365, 362 A.2d 244, 248 (1976); *Commonwealth v. Carbonetto*, 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973); *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977)..

■ Appellant argues that the evidence was insufficient to support a conviction on the first count of corruption of a

5. Appellant notes that the second count of corruption of a minor also named Joe as a victim, and therefore duplicated the first count of corruption of a minor. Appellant argues that this resulted in improper notice of the charges, and that the Commonwealth could have amended the information but did not do so. In fact, the Commonwealth successfully moved to amend the information to change the name of the victim from Joe to Lisle more than a month before the first trial in the case. Rule 229 of the Rules of Criminal Procedure states: "The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense."

minor, because it showed that Joe was a passive victim of the deviate sexual act, and therefore "did not consent, participate, enjoy the conduct, or continue to engage in it." Appellant's Brief at 2. In appellant's view, "[a]ssaulting Joe by engaging in an unconsented to act of deviate sexual intercourse, as a matter of law is no more an act of corrupting minors than it would be if appellant had assaulted Joe by punching him in the mouth and knocking his teeth out." Appellant's Brief at 3.

Section 3125 of the Crimes Code reads:

Corruption of minors

> (a) Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree.

It is established that where this crime is charged the minor's consent is not an issue. *See Commonwealth v. Blauvelt*, 186 Pa.Super. 66, 73, 140 A.2d 463, 467 (1958). Moreover, the Commonwealth need not prove that the defendant's acts actually corrupted the minor's morals, but only that they tended to do so. *See e. g. Commonwealth v. Davison*, 243 Pa.Super. 12, 14 n.1, 364 A.2d 425, 426 n.1 (1976). Nor is the Commonwealth required to prove any particular sort or number of acts. In *Commonwealth v. Mezaros*, 194 Pa.Super. 462, 168 A.2d 781 (1961), this court said:

> 'Tending to Corrupt' like 'contributing to delinquency' is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct: *Commonwealth v. Stroik*, 175 Pa.Super. 10, 15, 102 A.2d 239, 241; *Commonwealth v. Palmer*, 192 Pa.Super. 607, 609, 162 A.2d 34.

Thus, in *Commonwealth v. Doyle*, 275 Pa.Super. ——, 418 A.2d 1336 (1979) we affirmed a conviction of corruption of a minor where the basis for the charge

32

was various acts of deviate sexual intercourse. *See also Commonwealth v. White*, 232 Pa.Super. 176, 335 A.2d 436 (1975) (conviction of corruption of minors where defendant attempted sexual assault of young girl). The point is extensively discussed in *Commonwealth v. Randall*, 183 Pa.Super. 603, 133 A.2d 276 (1957), *cert. denied*, 355 U.S. 954, 78 S.Ct. 539, 2 L.Ed.2d 530 (1958). There the defendant argued that the predecessor of the present statute was so vague as to violate due process. In upholding the statute, this court, ERVIN, J., stated:

> The comprehensive words of the statute, "Whoever, being of the age of twenty-one years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of eighteen years" certainly convey concrete impressions to the ordinary person. The common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it.

*Id.* 183 Pa.Super. at 611, 133 A.2d at 280.

We have no difficulty in concluding that as a matter of the common sense of the community, appellant's actions represented actions "tend[ing] to corrupt the morals" of a child.

Appellant argues next that the evidence was insufficient to support a conviction on the second count of corruption of a minor. As noted above, the information alleged that appellant had corrupted the morals of Lisle by an act of indecent assault. At the trial, however, the lower court dismissed the charge of indecent assault. In *Commonwealth v. Lambert*, 226 Pa.Super. 41, 313 A.2d 300 (1973), we were confronted by a similar situation. There, the Commonwealth charged the defendant with corrupting the morals of a minor "in that he did furnish dangerous drugs to said minors." The defendant was also charged with distributing dangerous drugs. When the Commonwealth failed to prove that the drugs were dangerous, the court sustained a demurrer to the drug charges. However, it convicted appellant of

corruption of a minor. We reversed, because "[b]y specifically charging the manner by which appellant was alleged to have corrupted the morals of these minors, the Commonwealth was required to prove that appellant did furnish them with dangerous drugs." 226 Pa.Super. at 44, 313 A.2d at 301. *See also Commonwealth v. Davison, supra.* The same result obtains here, where the Commonwealth failed in its proof of the indecent assault on Lisle.[6]

■ Appellant's last argument is that the lower court erred in not giving his requested instruction on involuntary deviate sexual intercourse. The requested instruction was:

In determining whether the alleged act of deviate sexual intercourse in this case was committed by forcible compulsion or by threat of forcible compulsion, you are instructed that token initial resistance by the alleged victim is not enough to constitute involuntary deviate sexual intercourse, nor is a threat made by the Actor, unless the threat is of a physical injury and with the apparent power of executing the threat.

In his charge, the judge said:

Now, with respect to the crime of involuntary deviate sexual intercourse, in order for you to find the defendant guilty of that crime, you must find that each of the elements of the crime have been established beyond a reasonable doubt, and there are two essential elements to that crime: that the accused did engage in deviate sexual intercourse with, in this instance, one Joseph [ ]. Deviate Sexual Intercourse is defined as sexual intercourse with the mouth or anus between persons who are not husband

---

6. The Commonwealth argues that appellant has waived this argument because he did not specifically make it in his post-verdict motions. It cites *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978), and *Commonwealth v. Austin*, 484 Pa. 56, 398 A.2d 941 (1979) in support of its argument. In *Waters*, the Supreme Court held that the defendant's failure to allege in his post-verdict motions that an inculpatory statement was improperly admitted meant that this issue was waived. *Austin* is to the same effect. Here, however, appellant's argument goes to the sufficiency of the evidence, and appellant did allege in his post-verdict motions that the evidence was insufficient.

34

and wife. There must be some penetration however slight, but emission is not required. Secondly, you must find that the accused accomplished deviate sexual intercourse either by forcible compulsion or threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

In *Commonwealth v. Gardner*, 246 Pa.Super. 582, 590, 371 A.2d 986, 989 (1977), this court stated: "[A] trial judge is not required to accept a requested instruction verbatim, even if legally correct and timely filed. The court is free to select its own form of expression, so long as the issue is adequately, accurately and clearly presented to the jury." The judge's instruction here met this test.

Appellant's conviction on the charge of corrupting the morals of Lisle is vacated. The remaining convictions are affirmed, but the case is remanded for resentencing. *See Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

VAN der VOORT, J., concurs in the result.