550 A.2d 807

COMMONWEALTH of Pennsylvania, Appellant,

v.

Robert L. ANDERSON.

Superior Court of Pennsylvania.

Argued Aug. 17, 1988.
Filed Nov. 14, 1988.

590

Gregory Anthony, District Attorney, Warren, for Com.
Kenneth L. Crosby, Warren, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, WIEAND, OLSZEWSKI, KELLY, POPOVICH, JOHNSON and MELINSON, JJ.

JOHNSON, Judge:

The Commonwealth appeals from an order granting arrest of judgment following a conviction for corruption of minors. Robert Anderson had been acquitted by a jury of two counts of indecent assault based upon the same acts, done to the same victims, underlying the corruption of minors charges. We are asked to decide whether, as a result of Anderson's acquittal of indecent assault, the conviction for corruption of minors must be set aside. Because we find that the convictions resulted from the introduction of sufficient evidence of specific acts by Anderson, and because these underlying acts, and not indecent assault, formed the basis of the corruption of minors charge, we reverse the trial court's order, reinstate the jury verdict and remand for sentencing.

Anderson was charged with two counts of indecent assault and two counts of corruption of the morals of a minor based on his alleged activity with two sisters, aged ten and fourteen. The information charged, in pertinent part:

COUNT # 1: have indecent contact with another, not his spouse, or did cause such other or have indecent contact with him in that he did perform cunnilingus on [the victim] several different times knowing that the conduct was offensive.... INDECENT ASSAULT (M–2)

COUNT # 2: being the age of 18 years or older, corrupt or tend to corrupt the morals of ... in that he did perform cunnilingus on her several times.... CORRUPTION OF MINORS (M–1)

COUNT # 3: have indecent contact with another, not his spouse, or did cause such other to have indecent contact with him in that he did perform cunnilingus on the victim two times and place his hands on her intimate parts on several occasions knowing that the contact was offensive ... INDECENT ASSAULT (M–2)

COUNT # 4: Being the age of 18 years or older, corrupt or tend to corrupt the morals of ... in that he did perform cunnilingus on her two times, and placed his hands on her intimate parts on several occasions.... CORRUPTION OF MINORS (M–1)

A jury convicted Anderson of the two counts of corruption of minors and acquitted him of the two indecent assault counts. In post-trial motions, Anderson asked the court to arrest judgment on the two corruption of minors convictions. He argued that because the underlying acts forming the basis of the corruption of minors charges were also the acts underlying the indecent assault charges, and because the jury had found him not guilty of indecent assault, the court should interpret the jury verdict as a finding that the underlying acts were not committed. The court granted the motion in arrest of judgment, stating that the conduct constituting the corruption of a minor was indecent assault and that, failing to prove "the specific acts," the Commonwealth failed to sustain its burden of proof for the corruption charge. This appeal by the Commonwealth followed.

The trial court erred in extracting from the jury's general verdict of not guilty of indecent assault the specific finding that the underlying act was not committed. In so holding,

the trial court relied primarily on *Commonwealth v. Shirey*, 343 Pa.Super. 189, 494 A.2d 420 (1985), and by implication upon three cases relied upon by the *Shirey* court. We reject the trial court's conclusion that these cases mandate an acquittal on the corruption of minors charge in this case. We will re-examine these cases below.

In its discussion, the trial court refers to "indecent assault" and the underlying alleged "specific acts" interchangeably, implying that they amount to the same thing. The court then proceeds on the assumption that indecent assault is an element of corruption of a minor and so interprets the general jury verdict as presenting a finding that the underlying act was not committed. The trial court wrote:

> The corruption charge cannot stand by itself under 18 Pa.C.S. § 6301 by reason of the holding of [*Commonwealth v. Shirey, supra*], and the other underlying [sic] cases. Simply put, when the Commonwealth failed to prove to the satisfaction of the jury the charge of indecent assault by the sole act of the Defendant in performing cunnilingus on the victims, it follows as a matter of law the corruption charge must equally fall.

Opinion, 9/22/87. It is well settled that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Carter*, 444 Pa. 405, 408, 282 A.2d 375, 376 (1971) (citation omitted). When a general verdict is rendered, knowledge of the basis of the decision rests only with the jury itself. Therefore, it is impossible, not to mention improper, to draw specific conclusions from a general verdict. Applied to the present case, this principle yields the conclusion that an acquittal on indecent assault cannot be interpreted to mean as a matter of law that there was insufficient evidence to establish that the underlying acts in fact occurred.

This is especially so because the crime of indecent assault would have required proving not only that the underlying act occurred, but that the victims did not consent to the

conduct. Indecent Assault is defined in pertinent part as follows:

> A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

> (1) He does so without the consent of the other person;

18 Pa.C.S. § 3126. Conversely, consent is never an issue for proof of a corruption of minors charge, because the statute, protective in purpose, places the guardianship of minors' morality upon adults. *Commonwealth v. Collin*, 233 Pa.Super. 300, 335 A.2d 383 (1975). *See* 18 Pa.C.S. § 6301, Corruption of Minors.

Further, the information did not allege the crime of indecent assault as the basis of the corruption of minors charge. Rather, the information specifically based the corruption of minors charge upon the acts of cunnilingus. Although the jury returned a verdict of not guilty of indecent assault by committing the acts of cunnilingus, we cannot determine if the jury decided that the acts of cunnilingus did not occur, or if the acts of cunnilingus occurred but the victims consented to them, or if the jury was simply exercising leniency. *Commonwealth v. Parrotto*, 189 Pa. Super. 415, 422, 150 A.2d 396, 399 (1959); *See Commonwealth v. Carter, supra.* We cannot determine why the jury returned a verdict of not guilty, and therefore cannot say as a matter of law that the jury believed that the acts of cunnilingus did not occur.

Moreover, we find that our conclusion, that the conviction for corruption of minors in the present case is not barred by the finding of not guilty of indecent assault, is supported by the rule established by the United States Supreme Court's decision in *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), that consistency in verdicts between the different counts of a criminal information is unnecessary. Justice Holmes wrote in *Dunn* "that the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts

cannot be upset by speculation or inquiry into such matters." *Dunn,* 284 U.S. at 394, 52 S.Ct. at 191, 76 L.Ed. at 359. The *Dunn* rule has long been adopted by Pennsylvania courts, buttressed by the following rationale:

Allowing inconsistent verdicts in criminal trials runs the risk that an occasional conviction may have been the result of compromise. But the advantage of leaving the jury free to exercise its historic power of lenity has been correctly thought to outweigh that danger.

*Commonwealth v. Glendening,* 262 Pa.Super. 357, 361, 396 A.2d 793, 795 (1979) (citations omitted). The law requires only that there be sufficient evidence to support the convictions that the jury has returned. *Commonwealth v. Shaffer,* 279 Pa.Super. 18, 420 A.2d 722 (1980). We have reviewed the record and find that sufficient evidence was before the jury to support a conviction for corruption of minors.

■ In light of our holding, we will now re-evaluate *Shirey* and the other three cases upon which both *Shirey* and the trial court rely, *Commonwealth v. Wolff,* 273 Pa.Super. 27, 416 A.2d 1072 (1979), *Commonwealth v. Davison,* 243 Pa.Super. 12, 364 A.2d 425 (1976), and *Commonwealth v. Lambert,* 226 Pa.Super. 41, 313 A.2d 300 (1973). In *Shirey,* as in the present case, the two charges at issue were indecent assault and corruption of minors. The acts in support of the corruption charge were enumerated on the information as 1) an act of indecent contact, 2) showing the child obscene magazines, and 3) discussing deviant sexual acts with the child. The information alleged that the specific act constituting the indecent contact was a touching of the child's private parts. A jury convicted defendant for corruption of a minor but acquitted him for the indecent assault charges. Based upon this verdict, this Court wrote that:

the corruption conviction cannot be supported by the alleged acts of indecent assault, for as the jury clearly decided, the Commonwealth failed to prove those acts.

*Shirey,* 343 Pa.Super. at 195, 494 A.2d at 423. This conclusion is contrary to law because, as discussed above, the basis for a jury's general verdict cannot be speculated upon by the trial court. *Carter, supra.* Nevertheless, the Court affirmed the conviction for corruption of a minor based on other conduct alleged in the informations under different counts, that the defendant made verbal sexual advances to the minors. *Shirey's* analysis of the corruption of minors statute and its application of the statute to the other conduct alleged is well-grounded in law. The *Shirey* court strays only in holding that indecent assault must be proved before a guilty verdict for corruption of minors based on the same act can be proper. The *Shirey* court wrote that it was "constrained" to arrive at this conclusion under the holdings of *Wolff, Davison,* and *Lambert. Commonwealth v. Shirey,* 343 Pa.Super. at 195, 494 A.2d at 423.

In *Commonwealth v. Wolff, supra,* two teenage boys were allegedly molested by an adult who gave them a ride. The defendant was charged with involuntary deviate sexual intercourse with one boy and indecent assault with the other, the second boy, who allegedly was touched but escaped in time. The defendant was also charged with two counts of corruption of minors based on each of these acts. Before the jury deliberated, the trial court dismissed the indecent assault count. The jury then convicted the defendant of two counts of corruption of a minor, whereupon defendant appealed. We determined that the trial court properly upheld the conviction for corruption of minors that was based on the same underlying act as was the count of involuntary deviate sexual intercourse. However, we then held that because the indecent assault charge was dismissed before the jury deliberated, the jury could not then have returned a conviction for corruption of a minor based upon the act underlying that incident. The *Wolff* court relied on *Davison* and *Lambert* for this conclusion, that:

> by specifically charging the manner by which appellant was alleged to have corrupted the morals of these minors, the Commonwealth was required to prove [the act charged].

*Wolff,* 273 Pa.Super. at 33, 416 A.2d at 1074 *quoting Commonwealth v. Lambert,* 226 Pa.Super. at 44, 313 A.2d at 301. The *Wolff* court also cited *Davison.*

The *Wolff* court misread *Davison* and *Lambert.* Both *Davison* and *Lambert* turn upon a due process issue, whether the Commonwealth's proof matched the Commonwealth's charges against the defendants. Hence, these cases are inapposite to *Wolff.* Both *Davison* and *Lambert* hold that the defendant must have proper notice of what the Commonwealth will attempt to prove. By substituting evidence at trial of an underlying act at variance with the one alleged in the indictment or information as supporting a charge of corruption of a minor, the Commonwealth violates a defendant's due process rights. The defendant is then on insufficient notice as to what the Commonwealth will attempt to prove. In other words, in these two cases the Commonwealth charged one underlying act in support of a corruption of minors count but at trial introduced proof of another act to support the corruption of minors count.

In *Lambert,* the defendant was charged with a count of distributing dangerous drugs and for a count of corruption of a minor, also based on the act of giving the dangerous drugs to the minor. At trial the drugs were found not to be dangerous drugs under the then-existing drug schedules. The trial court found that the act of supplying unidentified pills to the minor was itself an action tending to corrupt the morals of a minor. This Court reversed, writing that

> In criminal trials the proof offered by the Commonwealth must measure up to the charge made in the indictment. An indictment is the star and compass of a criminal trial ... [and] it must be a notification to the defendant of the charge he has to meet....
>
> By specifically charging the manner by which appellant was alleged to have corrupted the morals of these minors, the Commonwealth was required to prove that appellant did furnish them with dangerous drugs.

*Lambert,* 226 Pa.Super. at 44, 313 A.2d at 301 (citations omitted). It is important to clarify that, had the Common-

wealth originally charged the defendant with corrupting the morals of a minor by furnishing her with *any* unknown pills, the defendant would have been on sufficient notice, and a verdict of guilty of corruption would have been proper. The defense focus would then have been different: to prove that no pills were given, instead of a focus on the "dangerous" nature of the drugs. This situation is distinguishable from the the case before us, in which each of the counts in the information, both the indecent assault and the corruption of minors counts, specifically alleged the act that the Commonwealth set out to prove.

In *Commonwealth v. Davison,* at issue was whether the trial court failed to eliminate confusion in its reply to a jury query about the relationship between the rape charge and the corruption of a minor charge. The jury acquitted of rape but convicted of corruption of a minor. This Court, sitting en banc, reversed the conviction, writing:

> [Appellant] complains that the court's answer to the jury's question led them to believe that the jury might convict appellant of corruption even if the jury believed that he did not *commit* rape. We decided in [*Commonwealth v. Lambert*] that if an accused is charged with corruption by one act, and the Commonwealth does not prove that act, but proves *some other act,* the conviction for corruption cannot stand. Thus, the Commonwealth could not charge corruption by rape and prove corruption by indecent exposure.... Due process prevents the Commonwealth from substituting another act as the corrupting one.

*Davison,* 243 Pa.Super. at 21–22, 364 A.2d at 430 (citations omitted) (emphasis added). In both *Lambert* and *Davison,* the Commonwealth alleged specific acts to be the basis of the corruption of minors charge. At trial, the Commonwealth substituted proof of a different act as the basis for the corruption charge. No such due process problem presents itself in the case before us. The Commonwealth's case consisted of proof that the act of cunnilingus on the

598

two minors was committed, exactly as it charged in the original information.

For the foregoing reasons, *Wolff* and *Shirey* are hereby overruled to the extent that they hold that conviction for a charge of corruption of minors requires proof of anything more than proof of the specific underlying act alleged in the information. We reaffirm the principle that jury verdicts, even if inconsistent, cannot be challenged; we recognize the jury's historic "power of lenity." We thus reverse the order of the trial court.

Order reversed. Conviction for corruption of minors reinstated. Case remanded for sentencing. Jurisdiction relinquished.