J-S25030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.P.I. | |
| Appellant | No. 1239 MDA 2013 |

Appeal from the Judgment of Sentence entered May 22, 2013
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0003757-2011

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED MAY 27, 2015**

Appellant, J.P.I.,[1] appeals from the judgment of sentence entered for his conviction of crimes of sexual abuse that he committed against his adopted daughter. Appellant challenges the sufficiency and weight of the evidence supporting the jury's verdict, and contends his convictions are unconstitutional.  Upon review, we affirm.

Appellant's, adopted daughter, M.I., alleged that Appellant sexually abused her over the course of a decade.  M.I. revealed the abuse to her mental-health counselor during an October 2010 appointment.  **See** N.T. Trial, 10/3-4/12, at 68-70.  Appellant was charged with indecent assault of a

_____

[1] We have redacted Appellant's name to protect the identity of the victim, a minor who shares Appellant's surname.

complainant less than 13 years of age, indecent assault of a complainant less than 16 years of age by a person four or more years older not married to the complainant, unlawful contact with a minor for the purpose of engaging in any offense under Chapter 31 (pertaining to sexual offenses), and corruption of minors.[2]

The alleged abuse occurred between 2000 and 2010, when M.I. was between 5 and 15 years old. At the time of trial, M.I. was a high school senior. As described by the trial court, the victim testified to numerous allegations of depravity. *See* Trial Court Rule 1925(a) Opinion, 8/28/13 at 7-8. Appellant took M.I. to her bed or crawled into her bed from the time she was four years old. *Id.* When she was six, Appellant told M.I. to place a handheld shower nozzle on her private parts so that he could watch her masturbate. *Id.* Appellant demonstrated various sexual positions by using her body when Appellant and she were in bed together. *Id.* The victim testified that Appellant had her practice kissing him and used his tongue to do so. *Id.* Appellant asked the victim to model bras and underwear for him. *Id.* He offered to show her pornography when she had questions about her sexuality. *Id.* Appellant discussed oral sex with her when she was nine years old. *Id.*

---

[2] 18 Pa.C.S.A. §§ 3126(a)(7), (8), 6318(a)(1), and 6301(a)(1), respectively.

On cross-examination, M.I. admitted that she suffered from depression that caused her parents to remove the door to her room so they could monitor her. N.T. Trial, 10/3-4/12, at 99-100. She further admitted to having auditory and visual hallucinations from the time she was about five or six years old until she was twelve or thirteen. *Id.* at 100-02. She said she took an anti-seizure medication, but no longer did so at the time of trial.

C.I., the victim's adoptive mother and Appellant's estranged wife, testified that she saw Appellant crawling into bed with the victim from the time she was four or five years old until he left the family household. Trial Court Rule 1925(a) Opinion, 8/28/13, at 8. She also witnessed Appellant compliment the victim's figure and was present when he had the victim sit on his lap. *Id.* C.I. is a victim of sexual assault, and she kept a journal detailing her victimization. N.T. Trial, 10/3-4/12, at 120-23. M.I. said she read the journal when she was nine years old, and C.I. admitted that M.I. knew where the journal was kept when police officers asked to obtain it for this case. *Id.* at 104, 120-23. C.I. denied that her daughter suffered from hallucinations, but equivocated when confronted further, and characterized M.I.'s condition as post-traumatic stress disorder. *Id.* at 124-25. C.I. also stated that M.I. cut herself. *Id.*

Testifying on his own behalf, Appellant denied molesting M.I. *Id.* at 149-50, 161-62. He said that M.I. was a bright child, but that she had mental health issues. *Id.* at 151-52. Appellant claimed M.I. began to cut herself when she was six years old, and that he discovered she was

hallucinating after reviewing her medical records. *Id.* at 152-53. Appellant also stated that M.I. has Attention Deficit Disorder. *Id.* Appellant claimed that M.I.'s abuse allegations are hallucinations and lies. *Id.* at 154-55. He explained some of the other allegations, such as lying in bed together and talking about oral sex, as M.I.'s misinterpretation of his parenting techniques. *Id.* at 161-62.

After a two-day trial, the jury acquitted Appellant of both indecent assault counts, but convicted him of unlawful contact and corruption of minors. On May 22, 2013, the trial court sentenced Appellant to 4 to 23 months in jail followed by 36 months' probation. Appellant filed a timely post-sentence motion challenging the weight and sufficiency of the evidence. The trial court denied the motion, and Appellant filed a timely notice of appeal.[3]

Appellant raises four questions for review, which we have reordered and reworded for ease of discussion:

1. Whether sufficient evidence supports the verdicts where the sole evidence is the victim's unreliable testimony.

2. Whether sufficient evidence supports the conviction of corruption of minors where Appellant attempted in good faith to teach his daughter about sexuality and masturbation and

---

[3] While this appeal was pending, our Supreme Court disbarred by consent, Karl Rominger, Appellant's privately retained counsel. We stayed this matter so that Appellant could obtain new counsel, petition the trial court for appointment of counsel, or inform this Court of his desire to proceed *pro se*. Appellant chose to hire new counsel.

the jury found that no illicit sexual touching for the purpose of sexual gratification occurred.

3. Whether sufficient evidence supports the conviction of unlawful contact where the jury acquitted on indecent assault and where corruption of minors was not proven.

4. Whether the verdict was against the weight of the evidence because Appellant denied the allegations, there was no physical or eyewitness testimony, some of the victim's allegations were impossible to have occurred, the victim's testimony was greatly inconsistent, and the victim suffered from hallucinations.

5. Whether the convictions of unlawful contact and corruption of minors violate Appellant's First Amendment right "as it acts as a chill of free speech and hampers a father's ability to adequately discuss sexuality and masturbation with his daughter in the privacy of his own home, in conformity with his religious and family values."

*See* Appellant's Brief at 4-5.[4]

The first three questions raised concern the sufficiency of the evidence.

In challenges to the sufficiency of the evidence, "our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420–21 (Pa. 2014). Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. ***Commonwealth v. Vogelsong***, 90 A.3d 717, 719 (Pa. Super. 2014). The evidence does not need to disprove every possibility of innocence, and doubts as to

---

[4] Appellant has presented five questions for review but divided his argument into only three sections. To the extent Appellant merges multiple questions presented into one argument, we will address each question those aggregated into a single argument as one issue.

guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. *Id.* We will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (quotation omitted).

*Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015).

Our Crimes Code defines unlawful contact, in relevant part, as follows:

A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth . . . [a]ny of the offenses enumerated in Chapter 31 [18 Pa.C.S.A. §§ 3101-44] (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1). "Contacts" means:

Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

*Id.* § 6318(c); *see Commonwealth v. Velez*, 51 A.3d 260, 267 (Pa. Super. 2012) (holding that direct verbal or physical commands to the victim were sufficient evidence of contact). As we explained in *Commonwealth v. Evans*, 901 A.2d 528, 537 (Pa. Super. 2006), the offense of unlawful contact is completed once a person contacts, or communicates with, a minor for the purpose of engaging in the unlawful activity. Actual physical touching of an intimate part of the victim's body is not an element of the crime. *Id.* "In other words, the actor need not be successful in completing the purpose of his or her contact or communication with the minor." *Id.*

The Crimes Code defines corruption of minors, in relevant part, as follows:

> Except as provided in subparagraph (ii), [which concerns a course of conduct or aiding, abetting, enticing or encouraging a minor to commit a Chapter 31 offense,] whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i). As we explained in detail in *Commonwealth v. Slocum*, 86 A.3d 272, 278-79 (Pa. Super. 2014), the corruption of minors statute is designed to protect broadly the welfare of children. Although corruption of minors usually accompanies a more serious charge, the statute does not require proof of underlying criminal activity. *Id.* at 279 (quoting *Commonwealth v. Decker*, 698 A.2d 99, 100 (Pa. Super. 1997)).

Appellant first argues his convictions cannot stand because the victim was an unreliable witness, and her testimony was the sole source of direct evidence against Appellant. Appellant notes the victim suffered from mental illness that causes her to hallucinate during the period when she alleged Appellant abused her.

Here, the victim provided abundant testimony that Appellant sexually abused her for over a decade. The abuse included molesting the victim and enticing her to engage in sexual activity. It was fully within the jury's province to believe such testimony, reject Appellant's claim that the victim was an unreliable witness, and reject Appellant's assertion that M.I.

misinterpreted innocuous parenting as abuse. M.I.'s uncorroborated testimony alone, moreover, is sufficient to sustain a conviction for unlawful contact and corruption of minors. *Cf.* 18 Pa.C.S.A. § 3106 (providing that, in prosecutions for Chapter 31 crimes, complainant's uncorroborated testimony is sufficient to convict); *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) (noting that, in prosecution for, *inter alia*, corruption of minors, this Court has long held that a victim's uncorroborated testimony is sufficient to convict). Any arguments about the victim's unreliability and the lack of corroboration concern the weight of the evidence, not its sufficiency.

In his second argument, Appellant claims that insufficient evidence supports the corruption of minors conviction, because the "jury absolved [him of] each and every allegation of indecent contact variously claimed by the complainant." Appellant's Brief at 20. Further, in his question presented, Appellant contends the jury "found no illicit sexual touching occurred." *Id.* at 4. We disagree.

Illicit sexual contact between a defendant and a minor is sufficient to prove corruption of minors. *Commonwealth v. Castelhun*, 889 A.2d 1228, 1234 (Pa. Super. 2005) (holding defendant's repeated sexual assaults on minor child satisfied the elements of corruption of minors). Furthermore, a jury may render an inconsistent verdict by acquitting a defendant of indecent assault but convicting him of corruption of minors—**on the same facts**. *Commonwealth v. Anderson*, 550 A.2d 807, 809 (Pa. Super.

1988) (*en banc*). The defendant in **Anderson** was charged with two counts each of indecent assault and corruption of minors for performing oral sex on his two minor sisters. **Id.** at 808 (quoting the bills of information). Like here, the jury acquitted the defendant of indecent assault and convicted him of corruption of minors. We held that the trial court erred in granting the defendant's motion for judgment of acquittal by "extracting from the jury's general verdict of not guilty of indecent assault the specific finding that the underlying act was not committed." **Id.** We stated further:

> [I]t is impossible, not to mention improper, to draw specific conclusions from a general verdict. Applied to the present case, this principle yields the conclusion that an acquittal on indecent assault cannot be interpreted to mean as a matter of law that there was insufficient evidence to establish that the underlying acts in fact occurred.

**Id.** at 809; **see also Commonwealth v. Miller**, 35 A.3d 1206, 1213 (Pa. 2012) (reaffirming "that an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal"). The jury's decision to acquit of indecent assault has no bearing on its admittedly inconsistent decision to convict Appellant of corruption of minors. Accordingly, Appellant's second argument fails.

In his third argument, Appellant contends his conviction of unlawful contact cannot stand because jury acquitted him of the "predicate" Chapter 31 offenses of indecent assault. **See** Appellant's Brief at 4. We disagree.

A conviction for unlawful contact, as charged in this case, requires proof that the defendant contacted a minor for the purpose of engaging in a Chapter 31 offense. 18 Pa.C.S.A. § 6318(a)(1)(i). An unlawful contact conviction does not require an attendant conviction of an underlying Chapter 31 offense. **Evans**, 901 A.2d at 537; **see also Commonwealth v. Reed**, 9 A.3d 1138, 1146 (Pa. 2010) (noting that conviction of a Chapter 31 offense is not a necessary predicate to convict a person of unlawful contact). In **Reed**, our Supreme Court held that an acquittal of an underlying Chapter 31 offense is relevant only to the grading of the unlawful contact conviction.[5] **Reed**, 9 A.3d at 1146-48. Appellant does not challenge the grading of his unlawful contact conviction. In any event, the conviction was graded as a third-degree felony (the default grade). Because the law generally allows inconsistent verdicts and a conviction of an underlying Chapter 31 offense is not required, we reject Appellant's argument as meritless.

Fourth, Appellant challenges the trial court's rejection of his weight of the evidence claim. "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of

---

[5] Unlawful contact is either (1) the same grade as the most serious offense for which the defendant contacted the minor; or (2) a third-degree felony (the "default grade"), whichever is greater. 18 Pa.C.S.A. § 6318(b). Until January 1, 2007, the default grade for unlawful contact was a first-degree misdemeanor. **See** Act of Nov. 29, 2006, P.L. 1567, No. 178 § 3.

acquittal that a guilty verdict shocks one's sense of justice."

**Commonwealth v. Orie**, 88 A.3d 983, 1015 (Pa. Super. 2014) (quoting

**Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (Pa. 2013)).

> A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion.  Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> . . . .
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court[.]  Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence**.

**Id.** (quoting **Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013) (emphasis in original)).

The trial court elucidated several reasons for denying a new trial on the weight of the evidence.  **See** Trial Court Rule 1925(a) Opinion, 8/28/13, at 6-8.  It first characterized the evidence of the victim's hallucinations as equivocal, at best.  Second, it noted the jury was free to disregard the victim's testimony *vis-à-vis* the last allegation of molestation, which Appellant argued was factually impossible.  **Id.**  The trial court then stated the evidence against Appellant: he crawled into bed with the victim from the time she was four years old; instructed her to masturbate using a handheld shower nozzle from when she was six and watched her do this; discussed and demonstrated different sexual positions; kissed her using his tongue;

asked her to model underwear; offered to show her pornography; and talked to her about oral sex when she was about nine years old. *Id.* In response, Appellant repeats his mistake of inferring that the jury completely absolved him of all illicit sexual contact by acquitting him of indecent assault. We have already discussed why this argument is incorrect.

It is well settled that the jury may believe some, none, or all of the evidence, and must determine the credibility of testimony. *Orie*, 88 A.3d at 1017. Unlike this Court, which reviews a cold record, the jury saw the witnesses testify and was able to evaluate their credibility first-hand. After evaluating the weight of the evidence, the trial court determined the jury's verdict did not shock one's sense of justice. Having reviewed the record, we find no abuse of discretion in denying a new trial.

In his final assignment of error, Appellant contends his convictions violate his "fundamental rights under the First and Fourteenth Amendments to the United States Constitution to educate his child in an appropriate manner consistent with his moral and family values." Appellant's Brief at 26. Appellant has waived this issue by raising it for the first time in his concise statement of errors complained of on appeal. Raising a claim for the first time in a concise statement—even a constitutional claim—is generally insufficient to preserve for appeal that claim. *See* Pa.R.A.P. 302(a); *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008) ("Even issues of constitutional dimension cannot be raised for the first time on appeal."); *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1288

(Pa. Super. 2004) (*en banc*) (stating that a party generally cannot raise an issue for the first time in a concise statement). If Appellant believed his convictions violate his constitutional rights, it was incumbent upon him to raise the issue before the trial court. He did not do so. Accordingly, we cannot not address the merits of Appellant's final issue.

Even if Appellant had properly preserved his constitutional argument, we still could not address it. Appellant's argument is far too non-specific to facilitate meaningful appellate review. *See Commonwealth v. Rose*, 960 A.2d 149, 154 (Pa. Super. 2008) (concluding appellate waived his constitutional challenge by "fail[ing] to develop any meaningful independent argument in support"). Appellant fails to identify his relevant speech or expressive conduct that he believes the First Amendment protects. Appellant cites no cases concerning First Amendment challenges.[6] In addition, Appellant again wrongly assumes that the jury's general verdicts of not guilty on the indecent assault counts absolved him of all illicit sexual contact. Finally, Appellant fails to acknowledge *Commonwealth v. Morgan*, 913 A.2d 906, 911 (Pa. Super. 2006), in which we rejected a First Amendment overbreadth challenge to 18 Pa.C.S.A. § 6318.

We have thoroughly reviewed the record, and Appellant's assignments of error do not entitle him to relief. In sum, sufficient evidence supports

_____

[6] All of Appellant's cited cases concern claims that state laws violated due process, a right found in the Fourteenth Amendment.

Appellant's convictions, the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence, and Appellant failed to preserve his claim that his convictions violate his constitutional rights. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015