J-S43009-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :
                              :   IN THE SUPERIOR COURT OF
        v.                     :         PENNSYLVANIA
                                :
                                :

JAMES DUANE BAKER-MYERS     :
                                :
       Appellant          :
                                :   No. 1398 WDA 2016

Appeal from the Judgment of Sentence August 19, 2016
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001303-2015

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:          FILED DECEMBER 29, 2017

Appellant, James Duane Baker-Myers, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas after a jury found him guilty of corruption of minors graded as a felony of the third degree[1] ("felony-three COM"), but acquitted of him rape, sexual assault, aggravated indecent assault, and indecent assault[2] (collectively, "the sexual offenses"). Appellant claims that the evidence was insufficient to convict him of felony-three COM because he was acquitted of the sexual offenses and his acts did

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6301(a)(1)(ii).

[2] 18 Pa.C.S. §§ 3121, 3124.1, 3125, 3126, respectively.

not constitute a course of conduct. For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing for COM graded as a misdemeanor of the first degree[3] ("misdemeanor-one COM").

The trial evidence, when read in a light most favorable to the Commonwealth, establishes the following. On July 19, 2015, Appellant, a twenty-year old male, attempted to contact S.C., a seventeen-year-old female, by phone and over text message multiple times. N.T. Jury Trial, 4/12-13/16, at 15, 18-19, 22-23. Appellant informed S.C. that he needed to talk to her about a problem and would only discuss the issue in person. Id. at 23-24.

At 9 p.m., Appellant arrived at S.C.'s home and called S.C. to come outside so the two could talk. Id. at 25. S.C. went outside and got on the back of Appellant's dirt bike to go for a ride. Id. Appellant drove S.C. to a nearby baseball field and convinced S.C. to leave her phone there so the two could talk in private. Id. at 26, 31. Appellant then drove S.C. to a secluded area that they previously visited on numerous occasions. Id. at 33-35.

Once there, Appellant and S.C. discussed some of Appellant's personal issues. Id. at 36. Appellant began to touch S.C.'s breasts from behind. Id. at 40. S.C. informed Appellant that she "didn't feel that way about him[,]" but Appellant stated that he felt as if she did like him. Id. at 39-40. Appellant began to try to take off S.C.'s top, although S.C. resisted. Id. at 40-41. Once

_____

[3] 18 Pa.C.S. § 6301(a)(1)(i).

Appellant took S.C.'s top off, he tossed it into the bushes, and he picked S.C. up, and placed her on the grass. Id. at 42-43.

Appellant and S.C. began to talk about other matters. Id. at 43. Thereafter, Appellant got on top of S.C., sat on S.C.'s legs, and put his weight down on S.C. so that her arms were pinned behind her back. Id. at 43-44. S.C. stated that she "did not want to do this." Id. at 45. Nonetheless, Appellant took off S.C.'s shorts and undergarments and threw them in the bushes. Id. at 45-46. Appellant then digitally penetrated S.C.'s vagina. Id. at 46.

Thereafter, while Appellant stood up to disrobe, S.C. attempted to retrieve her clothes and leave, but Appellant stopped S.C. and placed her back on the ground. Id. at 47. S.C. again stated that she "did not want to do this[.]" Id. at 48. Appellant then inserted his penis into S.C.'s vagina. Id. Although S.C. protested and asked Appellant to stop, Appellant continued, and stated to S.C., "[Y]ou probably like [me]." Id. at 49.

Appellant was charged with felony-three COM and the sexual offenses assault. On April 13, 2016, a jury found him guilty of felony-three COM. On August 19, 2016, the trial court sentenced Appellant to one to two years' imprisonment[4] and a consecutive three years' probation. Appellant did not file post-sentence motions.

_____

[4] As discussed below, the trial court's sentence was at the top of the suggested standard range minimum sentence for felony-three COM.

- 3 -

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925(b).

Appellant presents the following questions for appeal:

> Whether the jury's verdict on the charge of [felony-three COM] was not supported by sufficient evidence since a material element of the offense was the commission of a Chapter 31 offense and Appellant was found not guilty of all four of the [sexual offenses] charged[?]
>
> Whether the jury's guilty verdict on the charge of [felony-three COM] was not supported by sufficient evidence since the evidence failed to establish Appellant's acts constituted a "course of conduct[?"]

Appellant's Brief at 5.

We address Appellant's arguments together. Appellant first contends that

> the jury's guilty verdict on [felony-three COM] is irreconcilably inconsistent with its not guilty verdicts on the only four . . . sexual offenses. Since the guilty verdict of the [felony-three COM] charge required proof that Appellant committed a Chapter 31 offense against the victim, . . . Appellant was found not guilty of all charged [sexual] offenses and the jury was not instructed regarding the elements of any other Chapter 31 offenses, the [felony-three COM] conviction should be vacated.

Id. at 14. Appellant acknowledges that "existing law does not require absolute consistency in jury verdicts on separate offenses" but asserts that "the present case offers the perfect example why this law should be reversed and the jury's guilty verdict on [felony-three COM] charge set aside." Id. at 11. Appellant further argues that the Commonwealth failed to establish a course of conduct necessary to convict him of felony-three COM because he "engaged in one

sexual encounter with the victim." Id. at 17. We agree with Appellant to the extent that there was insufficient evidence to sustain a conviction for felony-three COM based on the jury's verdicts.

The standards governing our review of the sufficiency of the evidence are well settled.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Commonwealth v. Kelly, 102 A.3d 1025, 1028 (Pa. Super. 2014) (citation omitted).

Additionally,

> A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. We can raise and review an illegal sentence sua sponte." When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law.

Commonwealth v. Graeff, 13 A.3d 516, 517-18 (Pa. Super. 2011) (citations omitted).

- 5 -

Generally, inconsistent verdicts do not afford a defendant relief.

> Federal and Pennsylvania courts alike have long recognized that jury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of a defendant's guilt. Rather, it has been the understanding of federal courts as well as the courts of this Commonwealth that an acquittal may merely show lenity on the jury's behalf, or that "the verdict may have been the result of compromise, or of a mistake on the part of the jury." Accordingly, the United States Supreme Court has instructed that courts may not make factual findings regarding jury acquittals and, thus, cannot "upset" verdicts by "speculation or inquiry into such matters."

Commonwealth v. Moore, 103 A.3d 1240, 1246 (Pa. 2014) (citations omitted)

However, the Pennsylvania Supreme Court has recognized special cases involving "largely idiosyncratic sufficiency or grading challenges." Id. at 1247. For example, in Commonwealth v. Magliocco, 883 A.2d 479 (Pa. 2005), the defendant was acquitted of terroristic threats, but convicted of ethnic intimidation, which was defined as:

> (a) Offense defined.--A person commits the offense of ethnic intimidation if, with malicious intention toward the race, color, religion or national origin of another individual or group of individuals, he commits an offense under any other provision of this article or under Chapter 33 (relating to arson, criminal mischief and other property destruction) exclusive of section 3307 (relating to institutional vandalism) or under section 3503 (relating to criminal trespass) with respect to such individual or his or her property or with respect to one or more members of such group or to their property.

18 Pa.C.S. § 2710(a) (emphasis added). The defendant appealed his ethnic intimidation conviction, and this Court reversed, concluding that "proof [of ethnic intimidation] is dependent upon the establishment of a predicate crime[, e.g., terroristic threats]." Commonwealth v. Magliocco, 806 A.2d 1280, 1285 (Pa. Super. 2002). The Commonwealth appealed to the Pennsylvania Supreme Court. Magliocco, 883 A.2d at 490.

The Magliocco Court initially agreed with the Commonwealth that the Commonwealth "was not required to secure a formal conviction for the predicate crime of terroristic threats in order to secure a conviction for ethnic intimidation based upon such terroristic threats." Id. at 492. However, the Court reversed the ethnic intimidation conviction, reasoning that:

> [o]ur difficulty with the Commonwealth's position arises from the necessary effect of an actual acquittal of a crime in the admittedly unusual circumstance presented here, where that crime is both separately charged and prosecuted and is also a specific statutory element of another charged offense.
>
> . . . But, the Commonwealth did not merely allege that, for purposes of an ethnic intimidation prosecution, [the defendant] committed terroristic threats with a malicious racial animus. Instead, the predicate offense was actually charged and actually prosecuted, and that prosecution resulted in an acquittal—a finding that, for whatever reason, the Commonwealth failed to prove beyond a reasonable doubt that the defendant "committed" terroristic threats. Given the special weight afforded acquittals, since the factfinder in this case specifically found that [the defendant] did not commit the offense of terroristic threats, the conviction for ethnic intimidation, which requires as an element the commission beyond a reasonable doubt of the underlying offense, simply cannot stand.

Id. at 492-93 (emphasis added). Thus, the Magliocco Court affirmed this Court's order reversing the defendant's ethnic intimidation conviction. Id. at 493.

In sum, then, the general rule is that inconsistent verdicts do not equate to a specific finding of fact and will not afford a defendant relief. Moore, 103 A.3d 1240, 1246. However, there remains a limited exception under Magliocco where one offense specifically incorporates the commission of a predicate offense as an element and the predicate offense is charged and actually prosecuted. In such cases, the factfinder cannot logically convict the defendant of an overarching offense (e.g., ethnic intimidation) while acquitting him of the predicate offense (e.g., terroristic threats). Magliocco, 883 A.2d at 492 n.11.

Turning to the present case, Section 6301 of the Crimes Code states:

(a) Offense defined.--

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. § 6301(a)(1)(i)-(ii) (emphasis added).

In Kelly, this Court construed the phrase "any course of conduct in violation of Chapter 31" as requiring multiple acts that constitute offenses under Chapter 31. Kelly, 102 A.3d at 1031-32 & n.4. The Kelly Court further found the evidence insufficient to prove felony-three corruption of minors where the defendant was convicted of indecent assault based on a "single act" that occurred when the defendant restrained the victim while bathing the victim, covered the victim's mouth, and grabbed the victim's genitals. Id. at 1032. The Court reasoned:

> Even viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, there was only one prohibited act in violation of Chapter 31 that was alleged and proven. That occurred when Appellant grabbed Z.K.'s genitals. Although that single act violated three separate provisions of the indecent assault statute, it did not constitute a "course of conduct" within the plain and universally accepted meaning of that phrase. Furthermore, although Appellant restrained Z.K. while committing the indecent assault, that action was not itself a violation of Chapter 31. And, not inconsequentially, the restraining actions and the indecent assault occurred simultaneously. Accordingly, there was not sufficient evidence to support the felony grading of the corruption of minors statute as set forth in subsection (a)(1)(ii).

Id.

Kelly makes clear that felony-three COM, like the ethnic intimidation statute discussed in Magliocco, requires that the defendant commit predicate crimes, that is, that a defendant's multiple acts constitute violations of Chapter 31. See id.; Magliocco, 883 A.2d at 492-93. Thus, the same "unusual

circumstance" presented in an ethnic intimidation conviction may arise in a felony-three COM conviction when the "predicate crime[s are] both separately charged and prosecuted" and the jury returns with acquittals on the predicate offenses. See Magliocco, 883 A.2d at 492.

A review of the record here compels the conclusion that an unusual circumstance arose in the instant case. Appellant was charged with numerous sexual offenses including rape, sexual assault, aggravated indecent assault, indecent assault, and corruption of minors graded as a felony of the first degree. The Commonwealth filed an information reciting that all offenses arose out of an "incident occurring along an abandoned railroad grade" on a single day. Information, 11/2/15, Counts 1-5. The trial evidence conformed to the Commonwealth's initial allegations. The trial court initially instructed the jury on all offenses. Following the initial charge by the court, the parties requested a new instruction on felony-three COM. Appellant asserted that to find him guilty of [felony-three COM], the jury was required to find him guilty of "one or the other offenses as charged against him." N.T. Jury Trial at 145-46. The Commonwealth responded that "it would be necessary to make it clear to the jury that the . . . sexual assault, rape, and indecent assault, and aggravated indecent assault are all under chapter 31 of the crimes code." Id. at 145. The trial court thereafter issued the following instruction:

> Whoever being of the age of 18 and upwards by any course of conduct in violation of Chapter 31, relating to the other sexual offenses being rape, sexual assault, indecent assault, corrupts or tends to corrupt the morals of any minor of less than 18 years of age or aids, abets, entices,

> or encourages such minor in the commission of an offense under Chapter 31, again the sexual offenses commits a felony of the third degree.

*Id.* at 147 (emphasis added). The trial court, in response to a question by the jury, instructed the jury by reading the general definition of the offense without reference to the sexual offenses charged. N.T., Jury Question & Verdict, 4/13-14/16, at 3-4.

It bears reiteration that the Commonwealth was not required to charge or obtain convictions for Chapter 31 crimes to convict Appellant of felony-three COM. However, the predicate offense to felony-three COM were "actually charged and actually prosecuted, and that prosecution resulted in acquittal[s]." *Magliocco*, 883 A.2d at 492. Thus, the present case is indistinguishable from *Magliocco* as the Commonwealth failed to prove the "course of conduct in violation of Chapter 31." *See id.* (noting "to secure a conviction for any crime, the Commonwealth must prove all necessary elements beyond a reasonable doubt" (citation omitted)). Therefore, there is some merit to Appellant's challenge to the sufficiency of the evidence.[5]

_____

[5] Unlike *Commonwealth v. Aikens*, 168 A.3d 137 (Pa. 2017), the trial court's instructions in this case do not cure the inconsistent verdict issue raised under the circumstances of this case.

In *Aikens*, the Pennsylvania Supreme Court discussed the interaction between the grading provisions of unlawful contact with a minor ("unlawful contact") and the trial court's jury instructions. *See id.* at 143-44. The grading provisions for unlawful contact set a default grade of the offense as a felony-three. If the defendant unlawfully contacted a minor for the purpose of engaging in a felony-one or felony-two Chapter 31 sexual offense, however, the unlawful contact would be graded the same as highest graded

However, as to the relief due, Kelly made clear that subsection (a)(1)(i) of the COM statute is a lesser-included offense of subsection (a)(1)(ii). Specifically, the Court observed:

> the first part of both subsections of 18 Pa.C.S. § 6301(a)(1) require a defendant to do something that "corrupts or tends to corrupt the morals of any minor less than 18 years of age...." 18 Pa.C.S. § 6301(a)(1)(i), (ii). In the case of the first part of subsection (a)(1)(i), that 'something' is "any act . . . ." In the case of the first part of subsection (a)(1)(ii), that 'something' is "any course of conduct in violation of Chapter 31 . . . ." These are not different elements. Rather, the first provision of subsection (a)(1)(ii) requires additional elements not required by the first provision of subsection (a)(1)(i). . . . Thus, the first provision of subsection (a)(1)(i) is a lesser included 'offense' of the 'offense' defined by the first part of subsection (a)(1)(ii).

_____

offense for which the defendant contacted the minor. Id. at 138-39 (discussing 18 Pa.C.S. § 6318(a)(1), (b)). The defendant in Aikens was convicted of unlawful contact, acquitted for involuntary deviate sexual intercourse (IDSI), a felony-one Chapter 31 offense, and was sentenced for felony-one unlawful contact. Id. at 138.

The Aikens Court rejected the defendant's argument that the unlawful contact should have been graded as a felony-three. The trial court's jury instruction in Aikens made clear that the jury intended to find the defendant guilty for unlawful contact for the purposes of engaging in IDSI. Id. at 143. The Court further added that Magliocco did not apply to the unlawful contact charge because there was no logical inconsistency between the conviction for unlawful contact and the acquittal for IDSI. Id. at 144-45. The Court reasoned that unlawful contact only required that the defendant unlawfully contacted the minor victim for purposes of engaging in IDSI, and the defendant was not required to complete a predicate Chapter 31 offense. See id.

Unlike the unlawful contact statute, felony-three COM is a distinct statutory offense that requires proof of an element that the defendant commit sexual offenses. See id. at 144-45; Kelly, 102 A.3d at 1031-32 & n.4. Therefore, Aikens is not controlling.

Kelly, 102 A.3d at 1032-33. Subsection(a)(1)(i) contains no reference to predicate offenses. Moreover, this Court has consistently held that acquittals for sexual offenses do not affect the integrity of a conviction for misdemeanor-one COM under the former statute that is currently reorganized in subsection(a)(1)(i). See Commonwealth v. Bricker, 580 A.2d 388 (Pa. Super. 1990); Commonwealth v. Anderson, 550 A.2d 807 (Pa. Super. 1988). Therefore, we conclude that Appellant's conviction for felony-three COM must be vacated, but that a conviction for misdemeanor-one COM remains valid as a lesser-included offense.[6]

Lastly, the trial court's sentence in this case—one to two years' imprisonment followed by three years' probation—does not exceed the five-year maximum penalty for a misdemeanor-one offense. See 18 Pa.C.S. § 1104(1). Nevertheless, because the offense gravity score is six for felony-three COM and four for misdemeanor-one COM, this decision affects not only the proper grading of Appellant's conviction, but also the proper starting point for sentencing.[7] Therefore, resentencing is required.

_____

[6] Because this decision rests upon the narrow exception set forth in Magliocco, we need not consider Appellant's arguments that the general rule regarding inconsistent verdicts be reversed, or that his multiple offense over a short period of time did not constitute a course of conduct. Cf. Graeff, 13 A.3d at 517-18.

[7] Given Appellant's prior record score of zero, the standard range minimum sentence is three to twelve months for felony-three COM, while the standard range minimum sentence is restorative sanctions to three months for misdemeanor-one COM. See 204 Pa.Code. 303.16(a). Thus, the trial court's

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing on misdemeanor-one COM. Jurisdiction relinquished.

Judge Solano joins the Memorandum.

Judge Stabile files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2017

_____

sentence of one to two year's imprisonment fell at the top end of the standard range for a felony-three COM, but the same sentence would represent an outside the guideline sentence for a misdemeanor-one COM.

Additionally, our decision necessarily upsets the sexual offender registration requirements imposed on Appellant. Although felony-three COM is a Tier I offense, misdemeanor-one COM is not classified as a sexually violent offense. See 42 Pa.C.S. § 9799.14(b)(8).